ELIZABETH S. BALFOUR, Cal. Bar No. 213994
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California  92130-2006
Telephone:  858-720-8900
Facsimile:   858-509-3691
ebalfour@sheppardmullin.com

Attorneys for Defendants Winex Investments, LLC, William Krusheski, John Sullivan, Robert B. Hydeman, and Emilio Pineda

FILED
2008 JAN -9  AM 10: 19
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____KNH_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM COLLINS and MARYANN COLLINS,<br><br>Plaintiffs,<br><br>v.<br><br>WINEX INVESTMENTS, LLC, a Wyoming limited liability company, WILLIAM KRUSHESKI, an individual, JOHN SULLIVAN, an individual, ROBERT B. HYDEMAN, an individual, EMILIO PINEDA, an individual, DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>'08 CV 0051 L CAB<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**Complaint Filed:** December 5, 2007<br><br>**Complaint Served:** December 10, 2007 |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants Winex Investments, LLC, William Krusheski, John Sullivan, Robert B. Hydeman, and Emilio Pineda, provide notice that pursuant to 28

-1-

W02-WEST:6JXB1\400650915.1

NOTICE OF REMOVAL

1  U.S.C. §§ 1441 and 1446 Defendants hereby remove to this Court the state court
2  action styled as *Jim Collins and MaryAnn Collins v. Winex Investments, L.L.C. et
3  al.*, San Diego Superior Court Case Number 37-2007-00079823-CU-PN-NC.

5  The following is a listing of the pleadings to date and a short and plain
6  statement of the grounds for removal:

### I.
### THE STATE COMPLAINT

1. On December 5, 2007, Plaintiffs Jim and MaryAnn Collins filed a complaint against Defendants Winex Investments, LLC, William Krusheski, John Sullivan, Robert B. Hydeman, and Emilio Pineda in the California Superior Court for the County of San Diego, Superior Court Case Number 37-2007-00074754-CU-MC-CTL. A copy of that complaint, which is the only pleading in this case, is attached hereto as Exhibit A.

2. The first date upon which Defendants received a copy of the complaint was December 10, 2007 when Defendant Winex Investments, L.L.C. was served with a copy of the complaint and a summons from the state court. A copy of the summons is included with the complaint as Exhibit A.

### II.
### THE COURT HAS ORIGINAL JURISDICTION

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the Securities Exchange Act of 1934, 15 U.S.C. § 78(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5.

## III.

## THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

4. Pursuant to 28 U.S.C. § 1446(a), Defendants have filed this Notice of Removal in the U.S. District Court for the Southern District of California located in San Diego. Because the state court action is pending in the California Superior Court for San Diego County, this is the proper district for removal.

5. Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Defendants have filed this Notice of Removal within the time permitted for removal of complaints.

## VI.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court proceed with this matter as if the Complaint had been originally filed in the U.S. District Court for the Southern District of California.

DATED: January 9, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  *Elizabeth S. Balfour*
Elizabeth S. Balfour
Attorneys for Defendants Winex Investments, LLC, William Krusheski, John Sullivan, Robert B. Hydeman, Emilio Pineda

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WinEx Investments, LLC, a Wyoming limited liability company; William Krusheski, an individual; John Sullivan, an individual; Robert B. Hydeman, an individual; Emilio Pineda, an individual; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jim Collins and MaryAnn Collins

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F
Clerk of the Superior Court
DEC 05 2007
BY: P. GOMEZ

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego County Superior Court
Vista Courthouse
325 South Melrose
Vista, California
North Justice Center

CASE NUMBER
*(Número del Caso):* 37-2007-00079823-CU-PN-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Anthony F. Geraci (SBN 238892)          949-260-9156     949-260-9157
Geraci Law Firm, APC
2030 Main Street, Suite 1300
Irvine, California 92614

DATE: DEC 0 5 2007        Clerk, by P. GOMEZ , Deputy
*(Fecha)*                 *(Secretario)*                 *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010))*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**Exhibit A-1**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 325 S. Melrose<br>MAILING ADDRESS: 325 S. Melrose<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County<br>TELEPHONE NUMBER: (760) 806-6348 | |

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S): Jim Collins et.al. | |
| DEFENDANT(S) / RESPONDENT(S): Winex Investments, LLC et.al. | |
| COLLINS VS. WINEX INVESTMENTS, LLC | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00079823-CU-PN-NC |

Judge: Robert P Dahlquist                                                   Department: N-29

**COMPLAINT/PETITION FILED:** 11/21/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00079823-CU-PN-NC    CASE TITLE: Collins vs. Winex Investments, LLC

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

SDSC CIV-730 (Rev 12-06)                                                                                                               Page 1

Exhibit A-3

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (760) 726-4900.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

**Exhibit A-4**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| PLAINTIFF(S): Jim Collins et.al. | |
| DEFENDANT(S): Winex Investments, LLC et.al. | |
| SHORT TITLE: COLLINS VS. WINEX INVESTMENTS, LLC | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2007-00079823-CU-PN-NC |

Judge: Robert P Dahlquist                                       Department: N-29

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program         ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                     ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                    ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                   ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                Date: _____

Name of Plaintiff                                              Name of Defendant

Signature                                                          Signature

Name of Plaintiff's Attorney                             Name of Defendant's Attorney

Signature                                                          Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 12/05/2007                                         _____
                                                                       JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

Exhibit A-5

Anthony F. Geraci (SBN 238892)
Geraci Law Firm, APC
2030 Main Street, Suite 1300
Irvine, CA 92614
Tel.: (949) 260-9156
Fax: (949) 260-9157
E-mail: anthony@geracilawfirm.com

Attorneys for: Plaintiffs, JIM COLLINS and MARYANN COLLINS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – NORTH COUNTY CENTER

| | |
|---|---|
| JIM COLLINS and MARYANN COLLINS<br><br>Plaintiffs,<br><br>vs.<br><br>WINEX INVESTMENTS, LLC, a Wyoming limited liability company, WILLIAM KRUSHESKI, an individual, JOHN SULLIVAN, an individual, ROBERT B. HYDEMAN, an individual, EMILIO PINEDA, an individual, DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 37-2007-00079823-CU-PN-NC<br><br>COMPLAINT FOR:<br><br>1. INTENTIONAL MISREPRESENTATION<br><br>2. NEGLIGENT MISREPRESENTATION<br><br>3. EMPLOYMENT OF MANIPULATIVE AND DECEPTIVE PRACTICES UNDER RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934<br><br>4. EMPLOYMENT OF MANIPULATIVE AND DECEPTIVE PRACTICES UNDER THE CALIFORNIA CORPORATE SECURITIES LAW OF 1968<br><br>5. BREACH OF FIDUCIARY DUTY<br><br>6. UNLICENSED BROKER-DEALER SELLING SECURITIES UNDER THE CALIFORNIA CORPORATE SECURITIES LAW OF 1968<br><br>7. UNLICENSED INVESTMENT ADVISOR UNDER CALIFORNIA CORPORATE SECURITIES LAW OF |

1

COMPLAINT

|   |   |
|---|---|
| ) | 1968 |
| ) |   |
| ) |   |
| ) |   |
| ) |   |
| ) |   |
| ) |   |
| ) |   |

Plaintiffs, JIM COLLINS, an individual, and MARYANN COLLINS allege the following:

## GENERAL ALLEGATIONS

1. Plaintiff, JIM COLLINS, an individual, is and was at all relevant times herein, a resident of the County of Riverside, State of California and an investor in WinEx Investments, LLC, a Wyoming limited liability company, which is the subject matter of this lawsuit.

2. Plaintiff, MARYANN COLLINS, an individual, is and was at all relevant times herein, a resident of the County of Riverside, State of California and an investor in Defendant, WinEx Investments, LLC, a Wyoming limited liability company, which is the subject matter of this lawsuit.

3. Plaintiff JIM COLLINS, an individual, and MARYANN COLLINS, an individual, are collectively referred to herein as "Plaintiffs."

4. Plaintiffs allege on information and belief that Defendant, WINEX INVESTMENTS, LLC ("WINEX") is a Wyoming limited liability company which is organized, existing and under the laws of Wyoming, but doing business within the State of California and County of San Diego.

5. Plaintiffs allege on information and belief that Defendant, WILLIAM KRUSHESKI, is an individual and is, and was at all relevant times herein, a resident of the State of California and County of San Diego.

6. Plaintiffs allege on information and belief that Defendant, JOHN SULLIVAN, is an individual and is, and was at all relevant times herein, a resident of the State of California and County of San Diego.

7. Plaintiffs allege on information and belief that Defendant, ROBERT B. HYDEMAN, is an individual and is, and was at all relevant times herein, a resident of the State of

1 | California and County of San Diego.

2 | 8. Plaintiffs allege on information and belief that Defendant, EMILIO PINEDA, is an individual and is, and was at all relevant times herein, a resident of the State of California and County of Orange.

9. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of Doe defendants when they are ascertained. Plaintiffs allege on information and belief that each of the fictitiously named defendants is responsible for the occurrences and injuries alleged in this complaint.

10. Plaintiffs allege on information and belief that at all times relevant herein, each of the defendants was the agent, servant, employer, employee, joint venturer and/or representative of each of the remaining defendants, and at all times relevant herein, was acting within the scope and purpose of said agency, servitude, employment, joint venture and/or representation, and was acting with the express or implied knowledge, permission, consent or ratification of the remaining defendants, and each of them.

11. Defendants EMILIO PINEDA ("PINEDA") and WILLIAM KRUSHESKI ("KRUSHESKI"), in his capacity as a financial and investment advisor to Plaintiffs, persuaded the Plaintiffs into refinancing their low interest, fixed rate loan into a high interest, adjustable rate loan to take the equity out of their home to invest in WINEX.

12. Several meetings took place in California between January and April of 2007 in Irvine, California and Corona, California between WinEx's Chief Financial Officer, Defendant KRUSHESKI, Defendant PINEDA and the Plaintiffs.

13. Based on Defendants PINEDA and KRUSHESKI's advice and persuasion, Plaintiffs invested the sum of Fifty Thousand Dollars ($50,000.00) into WINEX in exchange for membership interests in WINEX

14. After only four months of investing with WINEX, due to the mismanagement, malfeasance, nonfeasance, and/or lackadaisical attitude of WINEX's management, WINEX lost over eighty percent (80%) of the Plaintiffs' investment, including losing over seventy-four percent

*Geraci Law Firm, APC*
*2030 Main Street, Suite 1300*
*Irvine, California 92614*
*T: (949) 260-9156; F: (949) 260-9157*

3
COMPLAINT

**Exhibit A-8**

(74%) of the Plaintiffs' investment in a one month period.

## FIRST CAUSE OF ACTION

(By Plaintiffs against all Defendants and Does 1-100

For Intentional Misrepresentation)

15. Plaintiffs reallege and incorporate herein by this reference as though fully set forth herein the allegations set forth in paragraphs 1 through 14, inclusive, above.

16. On or about January 30, 2007, Defendant PINEDA communicated to the Plaintiffs and advised them to refinance their home to make money in high risk investments.

17. In March of 2007, Defendants KRUSHESKI and PINEDA provided the Plaintiffs with a Confidential Private Placement Memorandum dated March 7, 2007 (the "PPM").

18. The PPM promised "daily internet access with personal password protected account information."

19. The PPM also promised that members in WINEX who wanted to withdraw could withdraw after a three month lock-up period.

20. Plaintiffs relied on both promises made by the PPM as well as those same promises made by the Defendants, and each of them.

21. Defendants knew, or should have known, that the above statements promised to Plaintiffs were false at the time the statements were made, or were made recklessly by the Defendants without regard for the truth.

22. Plaintiffs reasonably relied on the above statements to their detriment because Plaintiffs would not have invested in WINEX had they known it was untrue.

23. As a direct and proximate result of Defendants' intentional misrepresentation, Plaintiffs have been damaged in an amount in excess of $100,000.00 according to proof at trial.

24. Defendants, and each of them, are guilty of fraud, oppressiveness and/or malice, entitling Plaintiffs to recover punitive or exemplary damages as authorized by Civil Code Section 3294 in an amount to be proven at time of trial. Such punitive damages should also be imposed

upon the corporate defendants, because the Plaintiffs allege on information and belief that their officers, directors, or managing agents either authorized in advance the complained of conduct by its respective officers, directors, managing agents or employees, or, in conscious disregard of the rights and potential for harm to the Plaintiffs, allowed such officers, directors, managing agents or employees to perform the acts complained of herein, or ratified the acts of such officers, directors, managing agents or employees.

## SECOND CAUSE OF ACTION

(By Plaintiffs against Fidelity and

Does 1-100 for Negligent Misrepresentation)

25.     Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 24, inclusive, set forth above

26.     As a direct and proximate result of Defendants' intentional misrepresentation, Plaintiffs have been damaged in an amount in excess of $100,000.00 according to proof at trial.

## THIRD CAUSE OF ACTION

(By Plaintiffs against Defendants and Does 1-100 For Employment Of

Manipulative and Deceptive Practices Under Rule 10b-5

Of The Securities Exchange Act Of 1934)

27.     Plaintiffs reallege and incorporate by this reference as though fully set forth herein, paragraphs 1 through 26, inclusive, above.

28.     Defendants, and each of them, made several statements to the Plaintiffs, including those in the PPM stated above, that were untrue, and which facts were material to the Plaintiff in their decision to purchase WINEX's securities.

29.     As a direct and proximate result of Defendants' intentional misrepresentation, Plaintiffs have been damaged in an amount in excess of $100,000.00 according to proof at trial.

## FOURTH CAUSE OF ACTION

(By Plaintiffs against all Defendants and Does 1-100 100 For

Employment Of Manipulative and Deceptive Practices Under the

5
COMPLAINT

Exhibit A-10

California Corporate Securities Law of 1968)

30. Plaintiffs reallege and incorporate by this reference as though fully set forth herein, paragraphs 1 through 29, inclusive, above.

31. Defendants, and each of them, made several statements to the Plaintiffs, including those in the PPM stated above, that were untrue, and which facts were material to the Plaintiff in their decision to purchase WINEX's securities.

32. As a direct and proximate result of Defendants' intentional misrepresentation, Plaintiffs have been damaged in an amount in excess of $100,000.00 according to proof at trial.

## FIFTH CAUSE OF ACTION

(By Plaintiffs against all Defendants and Does 1-100

For Breach of Fiduciary Duty)

33. Plaintiffs reallege and incorporate by this reference as though fully set forth herein paragraphs 1 through 32, inclusive, above.

34. Defendants owed Plaintiffs a fiduciary duty to account for the Plaintiffs' investment with WINEX.

35. On several separate occasions, Defendants failed to return Plaintiffs' investments despite requests to do so.

36. On one occasion, Defendants required Plaintiffs' to sign a waiver releasing Defendants of all wrongdoing before Defendants would return Plaintiffs' investment.

37. Defendants breached their duty by not diligently and quickly returning Plaintiffs' investment.

38. Defendants, and each of them, are guilty of fraud, oppressiveness and/or malice, entitling Plaintiffs to recover punitive or exemplary damages as authorized by Civil Code Section 3294 in an amount to be proven at time of trial. Such punitive damages should also be imposed upon the corporate defendants, because the Plaintiffs allege on information and belief that their officers, directors, or managing agents either authorized in advance the complained of conduct by its respective officers, directors, managing agents or employees, or, in conscious disregard of the rights and potential for harm to the Plaintiffs, allowed such officers, directors, managing agents or

6

COMPLAINT

Exhibit A-11

employees to perform the acts complained of herein, or ratified the acts of such officers, directors, managing agents or employees.

### SIXTH CAUSE OF ACTION

(By Plaintiffs against all Defendants and Does 1-100

For Unlicensed Broker-Dealer Selling Securities Under The

California Corporate Securities Law of 1968)

39. Plaintiffs reallege and incorporate by this reference as though fully set forth herein paragraphs 1 through 38, inclusive, above.

40. Defendants, and each of them, sold and/or arranged the sale to Plaintiffs securities in WINEX and acted as a broker-dealer in the transaction.

41. To Plaintiffs' knowledge and belief, Defendants and each of them are not licensed broker-dealers in the State of California and are not exempt from such licensing.

42. Plaintiffs seek to rescind the purchase of WINEX securities from Defendants, and each of them, as a result.

### SEVENTH CAUSE OF ACTION

(By Plaintiffs against all Defendants and Does 1-100 For Unlicensed Investment

Advisor Under California Corporate Securities Law Of 1968)

43. Plaintiffs reallege and incorporate by this reference as though fully set forth herein paragraphs 1 through 42, inclusive, above.

44. Defendants, and each of them, sold and/or arranged the sale to Plaintiffs securities in WINEX and acted as an investment advisor in the transaction.

45. To Plaintiffs' knowledge and belief, Defendants and each of them are not licensed investment advisors in the State of California and are not exempt from such licensing.

46. Plaintiffs seek to rescind the purchase of WINEX securities from Defendants, and each of them as a result.

////

////

WHEREFORE, Plaintiffs JIM COLLINS and MARYANN COLLINS, pray for:

### On the First and Fifth Causes of Action:

1. General damages according to proof but in excess of $100,000;
2. Punitive Damages;
3. Cost of suit herein;
4. Attorneys' fees; and
5. For such other and further relief as the court deems proper.

### On the Second and Seventh Cause of Action:

1. General damages according to proof but in excess of $100,000;
2. Cost of suit herein;
3. Attorneys' fees; and
4. For such other and further relief as the court deems proper.

### On the Third, Fourth, Sixth and Seventh Cause of Action:

1. Rescission of Plaintiffs' investment with WinEx ($50,000.00);
2. General damages according to proof but in excess of $100,000;
3. Cost of suit herein;
4. Attorneys' fees; and
5. For such other and further relief as the court deems proper.

Dated: November 16, 2007

**GERACI LAW FIRM, APC**

_/s/ Anthony F. Geraci_
Anthony F. Geraci

Attorneys for Plaintiffs, JIM COLLINS and MARYANN COLLINS

8
COMPLAINT

Exhibit A-13

JS 44 (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JIM COLLINS and MARYANN COLLINS

**DEFENDANTS**
WINEX INVESTMENTS, LLC, a Wyoming limited liability company, WILLIAM KRUSHESKI, an individual, JOHN SULLIVAN, an individual, ROBERT B. HYDEMAN, an individual, EMILIO PINEDA, an individual, DOES 1 through 100, inclusive,

(b) County of Residence of First Listed Plaintiff **Riverside**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Anthony F. Geraci, Esq.
Geraci Law Firm
2030 Main St., Ste. 1300
Irvine, CA 92614
Phone: 949-260-9156
Fax: 949-260-9157

Attorneys (If Known)
Elizabeth S. Balfour, Esq.
Sheppard Mullin Richter & Hampton
12275 El Camino Real, Ste. 200
San Diego, CA 92130
Phone: 858-720-8900
Fax: 858-509-3691

'08 CV 0051 L CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. 78(b), Rule 10b-5, 17 C.F.R. 240-10b-5

Brief description of cause:
Plaintiffs assert violations of Federal Securities laws

American LegalNet, Inc.
www.FormsWorkflow.com

PAID $350 1/9/08 USH RCPT#146250

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instructions): JUDGE | | DOCKET NUMBER |

DATE: January 9, 2008

SIGNATURE OF ATTORNEY OF RECORD: *Elizabeth A. Balfour*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

```
          UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

        # 146250      - BH

        January 09, 2008
             10:24:33


         Civ Fil Non-Pris
   USAO #.: 08CV0051 CIVIL FILING
   Judge..: M. JAMES LORENZ
   Amount.:                $350.00 CK
   Check#.: BC# 621779



      Total->   $350.00


     FROM: CIVIL FILING
           COLLINS V. WINEX INVESTMENTS
```