ELIZABETH S. BALFOUR, Cal. Bar No. 213994
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858-720-8900
Facsimile: 858-509-3691
ebalfour@sheppardmullin.com

Attorneys for Defendants Winex Investments, LLC, William Krusheski, John Sullivan, Robert B. Hydeman, and Emilio Pineda

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JIM COLLINS and MARYANN COLLINS,

Plaintiffs,

v.

WINEX INVESTMENTS, LLC, a Wyoming limited liability company, WILLIAM KRUSHESKI, an individual, JOHN SULLIVAN, an individual, ROBERT B. HYDEMAN, an individual, EMILIO PINEDA, an individual, DOES 1 through 100, inclusive,

Defendants.

Case No. 08 CV 0051 L CAB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'

MOTION TO DISMISS THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)6; AND

MOTION TO STRIKE LANGUAGE IN PARAGRAPH 7 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f).

**Date: March 31, 2008**
**Time: 10:30 a.m.**
**Ctrm: 14**
**Honorable James Lorenz**

**Complaint Filed: December 5, 2007**
**Complaint Served: December 10, 2007**
**Complaint Removed: January 9, 2008**

# TABLE OF CONTENTS

Page


I. INTRODUCTION ..................................................................................... 1

II. SUMMARY OF PLAINTIFFS' ALLEGATIONS ........................................... 2

III. STANDARD ON A MOTION TO DISMISS .................................................. 2

IV. PLAINTIFFS' FRAUD-BASED CLAIMS DO NOT SATISFY THE PLEADING REQUIREMENTS OF RULE 9(B) OR THE PSLRA ................ 3

  A. Rule 9(b) Requires Plaintiffs to Plead Fraud with Particularity ............. 3

  B. PSLRA Requires Facts be Pled Showing Strong Circumstantial Evidence of Deliberately Reckless or Conscious Misconduct ............... 4

  C. The Court Should Grant Defendants' Motion to Dismiss the First, Second, Third, Fourth, and Fifth Causes of Action ................................ 6

    1. Plaintiff's Third Claim Under Rule 10b-5 Fails to Meet the Heightened Pleading Standard under PSLRA or FRCP 9(b) ........................................................................ 6

    2. The Fourth Claim Under the California Securities Laws Fails to State a Claim Upon Which Relief Can be Granted ......... 9

    3. The First, Second and Fifth Claims for Intentional and Negligent Misrepresentation and for Breach of Fiduciary Duty are Fraud-Based and Must Satisfy Rule 9(b)..................... 10

V. THE COURT SHOULD GRANT DEFENDANT'S MOTION TO STRIKE ALLEGATIONS IN PARAGRAPH 7 ............................................ 13

# TABLE OF AUTHORITIES

Page(s)

## Cases

Binder v. Gillespie, 184 F.3d 1059 (9th Cir. 1999), cert. denied, 528 U.S. 1154 (2000) .......... 5

Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336 (9th Cir. 1996) .......... 3, 13

DeMarco v. DepoTech Corp., 149 F.Supp.2d 1212 (S.D. Cal. 2001) .......... 4

Employees Teamsters Local Pension Trust Fund v. Clorox Co., 353 F.3d 1125 (9th Cir. 2004) .......... 5

Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976) .......... 5

Fantasy, Inc. v. Fogerty, 984 F.2d 1524 (9th Cir. 1993) .......... 13

Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994) .......... 13

In Re Diasonics Sec. Lit., 599 F.Supp. 447 (N.D. Cal. 1984) .......... 10

In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970 (9th Cir. 1999) .......... 5, 6

In re Vantive Corp. Sec. Litig., 283 F.3d 1079 (9th Cir. 2002) .......... 6

Kamen v. Lindly, 94 Cal.App.4th 197 (2001) .......... 9

Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) .......... 3

Lazar v. Superior Court, 12 Cal.4th 631, 645 (1996) .......... 11

Murphy v. BDO Seidman, LLP, 113 Cal.App.4th 687 (2003) .......... 9

Navarro v. Block, 250 F.3d 729 (9th Cir. 2001) .......... 2

Paracor Fin., Inc. v. General Elec. Capital Corp., 96 F.3d 1151 (9th Cir. 1996) .......... 5

Securities and Exchange Commission v. Seaboard Corp., 677 F.2d 1289 (9th Cir. 1982) ........ 9

Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097 (9th Cir. 2003) ........ 3, 12

Western Mining Council v. Watt, 643 F.618 (9th Cir. 1981) ........ 3

Yourish v. California Amplifier, 191 F.3d 983 (9th Cir. 1999) ........ 3, 11

Statutes

15 U.S.C. Section 78j ........ 4

15 U.S.C. Section 78u-4(b)(1). ........ 5

15 U.S.C. Section 78u-4(b)(2) ........ 5

15 U.S.C. Section 78u-4(b)(3)(A) ........ 6

Private Securities Litigation Reform Act of 1995 ........ 2, 5

Securities and Exchange Act of 1934 Section 10(b) ........ 4

California Corporate Securities Law of 1968 ........ 1, 9

California Corporations Code section 25400 ........ 9

California Corporations Code section 25500 ........ 9

Rules

Federal Rules of Civil Procedure Rule 9(b) ........ 3, 6, 10, 11

Federal Rule of Civil Procedure Rule 12(f) ........ 13

Federal Rules of Civil Procedure Rule 12(b)(6) ........ 2

Securities and Exchange Act Rule 10b-5 ........ 1, 2, 4

Regulations

17 C.F.R. § 240.10b-5 ........ 4

Defendants Winex Investments, LLC, William Krusheski, John Sullivan, Robert B. Hydeman, and Emilio Pineda (collectively "Defendants") submit this Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiffs' Complaint, and in particular, Plaintiff's First (intentional misrepresentation), Second (negligent misrepresentation), Third (violation of Rule 10b-5 of the Securities and Exchange Act), Fourth (violation of the California Corporate Securities Law of 1968), and Fifth (breach of fiduciary duty) causes of action, and in support of their Motion to Strike language in Paragraph 7 of the Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Jim and MaryAnn Collins ("Plaintiffs") were looking for an investment opportunity that had the potential to provide them with very high returns. They transferred $50,000 to Winex Investments, LLC, pursuant to an offering made through a private placement. (Complaint ¶¶ 13, 17.) Plaintiffs' funds, along with those of other investors (including defendants John Sullivan and Robert Hydeman), were combined in a Winex Investments, LLC brokerage account maintained by FC Stone. An error in the execution of a trade by the trading agent resulted in a substantial decrease in the value of the Winex Investments, LLC account, to the detriment of both Plaintiffs and the individual defendants. (Complaint ¶ 14.)

Plaintiffs now claim they would not have put their money into Winex Investments, LLC had they known that the value of their investment would decrease the way it did. Nor would the individual defendants. The fact that Plaintiffs did not achieve the high profit margin they were seeking does not mean that Defendants engaged in securities fraud. The allegations in the Complaint fail to state a claim

under the Private Securities Litigation Reform Act of 1995 or under the California Corporate Securities Law, nor do they state a claim for intentional misrepresentation, negligent misrepresentation, or breach of fiduciary duty.

## II. SUMMARY OF PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that they invested $50,000 with Winex Investments, LLC. (Complaint ¶ 13.) They allege that they were "promised daily internet access with personal password protected account information." (Id. ¶ 18.) They also allege they were "promised that members in WINEX who wanted to withdraw could withdraw after a three month lock-up period." (Id. ¶ 19.) Plaintiffs allege they relied on these promises made by the Defendants. (Id. ¶ 20.) Plaintiffs claim that the above statements were "false at the time the statements were made, or were made recklessly by the Defendants without regard for the truth." (Id. ¶ 21). Plaintiffs allege they would not have invested in Winex had they known that the two statements (about the daily internet access and withdrawal after a three month lock-up period) were untrue. (Id. ¶ 22). These fraud-based allegations are the only support for Plaintiffs' claims of violation of Rule 10b-5, violation of the California Corporate Securities Law, intentional misrepresentation, negligent misrepresentation, and breach of fiduciary duty.

## III. STANDARD ON A MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a motion to dismiss to Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th

Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Western Mining Council v. Watt, 643 F.618, 624 (9th Cir. 1981).

## IV. PLAINTIFFS' FRAUD-BASED CLAIMS DO NOT SATISFY THE PLEADING REQUIREMENTS OF RULE 9(B) OR THE PSLRA

### A. Rule 9(b) Requires Plaintiffs to Plead Fraud with Particularity

Rule 9(b) states in relevant part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." F.R.C.P. 9(b). Thus, Rule 9(b) requires that parties must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003).

Under Ninth Circuit case law, Rule 9(b) imposes two requirements on complaints alleging fraud, including securities fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, or specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); Vess, 317 F.3d at 1106 (A plaintiff must set forth "the who, what, when, where and how" of the alleged misconduct."). Second, the Rule requires that the complaint "set forth an explanation as to why the statement or omission complained of was false and misleading." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999). A complaint may demonstrate the false or misleading character of a statement by identifying inconsistent contemporaneous statements made by the defendants or inconsistent contemporaneous information that was available to the defendants. Yourish, 191 F.3d at 994; DeMarco v. DepoTech Corp., 149 F.Supp.2d 1212,1223

(S.D. Cal. 2001). A complaint may not, however, demonstrate that a statement was false or misleading when made "merely by pointing to later inconsistent statements or conditions." DeMarco, 149 F.Supp.2d at 1223.

**B. PSLRA Requires Facts be Pled Showing Strong Circumstantial Evidence of Deliberately Reckless or Conscious Misconduct**

Section 10(b) of the Securities and Exchange Act of 1934 makes it unlawful to use in connection with the mails or facilities of interstate commerce any "manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commissioner may prescribe." 15 U.S.C. § 78j. SEC Rule 10b-5, promulgated under Section 10(b), provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.
>
> 17 C.F.R. § 240.10b-5.

In order to properly allege a claim under section 10(b) of the Exchange Act and SEC Rule 10b-5, a plaintiff must state the following: (1) defendants made a false statement or omission with regard to a material fact; (2) in connection with the purchase or the sale of a security; (3) with scienter; (4) upon which plaintiff reasonably relied; (5) to his/her harm or detriment. Binder v. Gillespie,

184 F.3d 1059, 1063 (9th Cir. 1999), cert. denied, 528 U.S. 1154 (2000); Paracor Fin., Inc. v. General Elec. Capital Corp., 96 F.3d 1151, 1157 (9th Cir. 1996). Scienter is a "mental state embracing intent to deceive, manipulate, or defraud." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193 n. 12 (1976); In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 975 (9th Cir. 1999). With respect to scienter claims under the Securities Act, the court may consider all inferences gleaned from the complaint, including inferences in favor of the moving party. Employees Teamsters Local Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1134 (9th Cir. 2004).

Additional regulations governing security fraud claims include the Private Securities Litigation Reform Act of 1995 ("PSLRA" or "Reform Act"), which was established in 1995 to ensure uniform and stringent pleading requirements for securities fraud actions. The PSLRA specifies the required pleading standard for securities fraud actions:

> (1) Misleading statements and omissions
>
> In any private action arising under this chapter in which the plaintiff alleges that the defendant –
>
> (A) made an untrue statement of a material fact; or
>
> (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
>
> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.
>
> 15 U.S.C. §78u-4(b)(1).

Thus, the PSLRA requires complaints alleging federal securities fraud to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). "The purpose of this heightened pleading requirement was generally to eliminate abusive securities

litigation and particularly to put an end to the practice of pleading fraud by hindsight." In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1084 (9th Cir. 2002). As interpreted by the Ninth Circuit, this language requires a private securities plaintiff to plead particular facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct. In re Silicon Graphics, 183 F.3d at 977, 979. Recklessness satisfies the scienter requirement only insofar as it reflects some degree of conscious or deliberate misconduct; *i.e.*, "a degree of recklessness that strongly suggests actual intent." Id. at 979. The PSLRA further provides that "the court shall, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met." 15 U.S.C. § 78u-4(b)(3)(A).

**C. The Court Should Grant Defendants' Motion to Dismiss the First, Second, Third, Fourth, and Fifth Causes of Action**

**1. Plaintiff's Third Claim Under Rule 10b-5 Fails to Meet the Heightened Pleading Standard under PSLRA or FRCP 9(b)**

Plaintiffs allege that two statements were made to them which ultimately proved to be "untrue." These statements were (1) that Plaintiffs would have "daily internet access with personal password protected account information" and (2) that Plaintiffs could withdraw their funds after a three month lock-up period. And, although Plaintiffs allege that those promises were made by the Defendants," (Complaint ¶ 20), Plaintiffs provide absolutely no information about which of the Defendants (Winex Investments, Mr. Krusheski, Mr. Sullivan, Mr. Hydeman, or Mr. Pineda) ever communicated this information to Plaintiffs.

Rule 9(b) requires that Plaintiffs state the "who, what, when, where and how" of the alleged fraudulent statements. Vess, 317 F.3d at 1106. The Complaint

fails to provide any of this detail, and simply alleges that Emilio Pinedo and William Krusheski were involved in "several meetings" with Plaintiffs "between January and April of 2007" about Winex Investments. (Complaint ¶¶ 11, 12.) However, there are no other allegations in the Complaint related to specific statements made by Emilio Pineda or William Krusheski. There are no allegations that Defendants John Sullivan or Robert Hydeman ever met or had any communications with Plaintiffs. The securities claims raised in the Complaint are asserted generally against "all Defendants." In order to properly allege that multiple defendants engaged in fraud, Plaintiffs must set forth the role of each defendant in the alleged fraud because each defendant is entitled to be informed of the specific acts or omissions which he must defend. Vess, 317 F.3d at 1106. The Complaint does not even allege what role, if any, each of the four individual defendants played in Winex Investments. Individuals may not be held responsible for unattributed corporate statements. In re Dura Pharmaceuticals, Inc. v. Sec. Litig., 452 F.Supp.2d 1005, 1030 (S.D. Cal. 2006).

Even assuming that unspecified Defendants communicated to Plaintiffs that (1) Plaintiffs would have "daily internet access with personal password protected account information" and (2) Plaintiffs could withdraw after a three month lock-up period, and that these statements proved to be untrue, Plaintiffs have failed to properly allege what was false or misleading about the statements when they were made. In re Vantive Corp. Sec. Litig., 110 F. Supp.2d at 1216. ("[T]he Reform Act forces plaintiffs to reveal whether they base their allegations on an inference of earlier knowledge drawn from later disclosures or from contemporaneous documents or other facts," preventing pleading fraud by hindsight.) Allegations that a corporate defendant failed to achieve results or deliver on promises, does not, of itself, support 10b-5 liability. In re Silicon Graphics, Inc. Sec. Litig., 183 F.3d at 988.

Plaintiffs must plead with particularity that Defendants made the

statements at issue with deliberate recklessness or consciously knowing them to be untrue. Conclusory allegations that "Defendants knew, or should have known" statements were untrue or that Defendants made statements recklessly, "without regard for the truth" (Complaint ¶ 21), are insufficient. In re Advanta Corp. Secur. Litig., 180 F.3d 525, 539 (3rd Cir. 1999). The Ninth Circuit has confirmed the importance of alleging the requisite mental state, or scienter, of Defendants in order to satisfy the pleading standard of the PSLRA. "[E]ven gross negligence [] does not rise to the level of the nefarious mental state necessary to constitute securities fraud." DSAM Global Value Fund v. Altris Software, Inc., 288 F.3d 385, 391 (9th Cir. 2002). Additionally, "[w]hen determining whether the plaintiffs have shown a strong inference of scienter, the court must consider all reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." Employees Teamsters Local Pension Trust Fund, 353 F.3d at 1134, quoting Gompers v. VISX, Inc., 298 F.3d 893, 897 (9th Cir. 2002). The Complaint contains absolutely no factual allegations that Defendants knew at the time they made the statements to Plaintiffs about daily internet access and withdrawal of funds that these statements were false. Indeed, it is just as plausible, based on the non-specific allegations of the Complaint, that at the time Defendants made the statements to Plaintiffs, they fully believed them to be true.

Finally, in order for the alleged misrepresentations to be actionable under Rule 10b-5, Plaintiffs must demonstrate loss causation, or "a causal connection between the material misrepresentation and the loss." Dura Pharmaceuticals, Inc. v. Broudo 544 U.S. 336, 347 (2005). Loss causation is "equivalent to proximate causation in tort." Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999), quoting McGonigle v. Combs, 968 F.2d 810, 821 (9th Cir. 1992). To satisfy the requirement for loss causation, a plaintiff must show that the misrepresentation or omission directly caused, "or had something to do with" plaintiff's damages. Id. Here, Plaintiffs allege only that they were told that they

could obtain daily internet access to their account, and that they could withdraw their funds after a three month lock-up period. (Complaint ¶ ¶ 18, 19). They also allege that the value of their account declined. (Complaint ¶ 14). However, Plaintiffs do not allege (and cannot allege) that the alleged misrepresentations caused the decline in the value of the their account, which is the only "loss" alleged in the Complaint.

For the foregoing reasons, the Court should grant Defendants' motion, and dismiss the third cause of action for violation of Rule 10b-5.

**2. The Fourth Claim Under the California Securities Laws Fails to State a Claim Upon Which Relief Can be Granted**

Plaintiffs assert a claim "against all Defendants and Does 1 – 100 for Employment of Manipulative and Deceptive Practices under the California Corporate Securities Law of 1968." However, Plaintiffs fail to identify which of the many hundreds of code sections in the California Corporate Securities Law were allegedly violated by Defendants. Although unclear from the Complaint, it appears that Plaintiffs may be seeking relief under Corporations Code 25400, which provides that it is unlawful to make false statements which affect the market for a security. Cal. Corps. Code § 25400. This section essentially prohibits market manipulation. Kamen v. Lindly, 94 Cal.App.4th 197, 202 (2001). Section 25500 creates a civil remedy for buyers or sellers of stock, the price of which has been affected by the forms of market manipulation proscribed by section 25400. Id. However, the Complaint fails to allege that any misrepresentations made by Defendants affected the "market" for membership units in Winex.

Furthermore, violations of Sections 25400 and 25500 require that the Plaintiffs be in strict privity with the actual sellers of the security. Murphy v. BDO Seidman, LLP, 113 Cal.App.4th 687, 705 (2003); Securities and Exchange Commission v. Seaboard Corp., 677 F.2d 1289, 1296 (9th Cir. 1982); In Re Diasonics Sec. Lit., 599 F.Supp. 447, 459 (N.D. Cal. 1984). The Complaint alleges only that Emilio Pinedo and William Krusheski communicated with Plaintiffs about Winex Investments; it does not allege that they sold Plaintiffs a security. The Complaint does not allege any conduct at all by John Sullivan or Robert Hydeman. Given the dissimilar allegations regarding each of the Defendants' contacts with Plaintiffs and the total absence of allegations regarding what role, if any, the Defendants actually played in Winex Investments, Plaintiffs have not adequately pled a violation.

If Plaintiffs intended to allege a violation of some other aspect of the California Securities Law, they failed to so plead, and Defendants should not have to guess at which of hundreds of code sections they are alleged to have violated. Accordingly, the fourth claim under the California Securities Law should be dismissed.

**3. The First, Second and Fifth Claims for Intentional and Negligent Misrepresentation and for Breach of Fiduciary Duty are Fraud-Based and Must Satisfy Rule 9(b)**

The first claim addressed in the Complaint is for "intentional misrepresentation." The basis for this claim is that Plaintiffs were told (1) they would have daily internet access to their account and (2) if they wanted to withdraw funds, they could do so after a three month period, that Plaintiffs relied on those statements, that those statements proved to be untrue. (Complaint ¶ ¶ 16 – 22).

The fact that Plaintiffs do not specifically seek relief under the federal securities laws in this cause of action does not relieve them of the obligation to plead fraud with particularity. Rule 9(b)'s pleading requirements apply with equal force to Plaintiff's intentional misrepresentation claim. Indeed, the pleading standard under California common-law is consistent with this heightened requirement. Lazar v. Superior Court, 12 Cal.4th 631, 645 (1996) (the particularity requirement necessitates pleading facts which "show how, when, where, to whom, and by what means the representations were tendered.")

Plaintiffs fail to plead any detail regarding the alleged intentional misrepresentations. Although the Complaint states that certain meetings occurred during a particular time period (Complaint ¶ 12), it does not state who attended what meetings, what the dates of the meetings were, or what transpired at particular meetings. A complaint, to properly allege a claim for intentional misrepresentation, must still "set forth what is false or misleading about a statement, and why it is false...[and] why the statement or omission complained of was false or misleading." Yourish, 191 F.3d at 993. Rule 9(b), regardless of its application towards securities claims, poses a heightened pleading standard to all fraud-based claims. Accordingly, the Court should dismiss the first claim for intentional misrepresentation.

Plaintiffs also bring a claim for negligent misrepresentation. This second cause of action is supported by only one allegation: "As a direct and proximate result of Defendants' intentional misrepresentation, Plaintiffs have been damaged in an amount in excess of $100,000 according to proof at trial." (Complaint ¶ 26). There is no discussion of any of the facts that would actually support a claim for negligent misrepresentation, such as what specific representations were made, the falsity of the representations, Plaintiffs' reasonable reliance, and link between reliance and damages suffered. In addition, the second

claim is asserted "By Plaintiffs against Fidelity and Does 1-100 for Negligent Misrepresentation." "Fidelity" is not one of the named Defendants and, for this additional reason, this claim is not appropriately pled and should be dismissed.

Plaintiffs' fifth cause of action for breach of fiduciary duty is based on the same fraud allegations intended to support the securities and misrepresentation claims. Although fraud is not an essential element of a claim for breach of fiduciary duty, a claim may nonetheless "sound in fraud" if the claims specifically allege fraud or "alleg[e] facts that necessarily constitute fraud (even if the word 'fraud' is not used)." Vess, 317 F.3d at 1105.

> In cases where fraud is not a necessary element of the claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).

The theme and central allegations in the Complaint are that Plaintiffs were promised daily internet access to their accounts and an ability to withdraw funds within three months and that these promises proved to be false. The breach of fiduciary duty claim is also premised on these fraud-based allegations. Indeed, the breach of fiduciary duty itself references "fraud." (Complaint ¶ 38).

Furthermore, the Complaint fails to allege any facts supporting the allegation that there existed any relationship of trust and confidence based on each Defendants' particular role or duty. The Complaint simply contains a conclusory allegation that "Defendants owed Plaintiffs a fiduciary duty to account for the Plaintiffs' investment with Winex." (Complaint ¶ 34). On a motion to dismiss, legal conclusions like this one are not to be taken as true; rather, Plaintiffs are

required to plead factual allegations to support their claims. Accordingly, Defendants request that the Court dismiss the fifth cause of action for breach of fiduciary duty.

## V. THE COURT SHOULD GRANT DEFENDANT'S MOTION TO STRIKE ALLEGATIONS IN PARAGRAPH 7 THAT ARE FALSE

A motion to strike pursuant to Federal Rule of Civil Procedure 12(f) is the primary method of reaching defects or objections in a pleading that cannot be addressed by a motion to dismiss. A motion to strike may be used to attack single words or phrases. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534-35 (1994).

Paragraph 7 of the Complaint states: "Plaintiffs allege on information and belief that Defendant, ROBERT B. HYDEMAN, is an individual and is, and was at all relevant times herein, a resident of the State of California and County of San Diego." Defendant Robert B. Hydeman has resided in Dallas, Texas since 1969, and has not even traveled to California, for any reason, for approximately 15 years. Plaintiffs are no doubt aware of this fact, having sent a process-server to Mr. Hydeman's home in Dallas. This case is now at the pleading stage, and any motions in which Defendants attack the pleadings must assume as true the factual allegations in the Complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d at 337-38. Where, as here, the factual allegation is patently false, and could affect issues related to jurisdiction, it is prejudicial to Defendants to allow the offending language to remain in the Complaint. Furthermore, the Ninth Circuit affirms the striking of matters from a complaint even where no prejudice is shown, if granting the motion will streamline the action. Fantasy, Inc., 984 F.2d at 1527. Accordingly, Defendants request that the language in paragraph 7 related to Robert Hydeman residing in California be stricken from the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' First, Second, Third, Fourth, and Fifth claims for relief, and that the Court strike the language in paragraph 7 related to Mr. Hydeman residing in the State of California.

DATED: January 16, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/Elizabeth Balfour

Attorneys for Defendants Winex Investments, LLC, William Krusheski, John Sullivan, Robert B. Hydeman, Emilio Pineda
e-mail: ebalfour@sheppardmullin.com