Anthony F. Geraci (SBN 238892)
Christina L. Geraci (SBN 236719)
Geraci Law Firm, APC
2030 Main Street, Suite 1300
Irvine, CA 92614
Tel.: (949) 260-9156
Fax:  (949) 260-9157
E-mail: anthony@geracilawfirm.com

Attorneys for: Plaintiffs, JIM COLLINS and MARYANN COLLINS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM COLLINS and MARYANN COLLINS,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>WINEX INVESTMENTS, LLC, a Wyoming limited liability company, WILLIAM KRUSHESKI, an individual, JOHN SULLIVAN, an individual, ROBERT B. HYDEMAN, an individual, EMILIO PINEDA, an individual, DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 08 CV 0051 L CAB<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1. INTENTIONAL MISREPRESENTATION**<br><br>**2. NEGLIGENT MISREPRESENTATION**<br><br>**3. EMPLOYMENT OF MANIPULATIVE AND DECEPTIVE PRACTICES UNDER RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**4. EMPLOYMENT OF MANIPULATIVE AND DECEPTIVE PRACTICES UNDER CALIFORNIA CORPORATIONS CODE SECTION 25401 OF THE CALIFORNIA CORPORATE SECURITIES LAW OF 1968**<br><br>**5. BREACH OF FIDUCIARY DUTY**<br><br>**6. UNLICENSED BROKER-DEALER SELLING SECURITIES UNDER THE CALIFORNIA CORPORATE SECURITIES LAW OF 1968**<br><br>**7. UNLICENSED INVESTMENT** |

|  |  |
|---|---|
|  | ) **ADVISOR UNDER CALIFORNIA** <br> ) **CORPORATE SECURITIES LAW OF** <br> ) **1968** <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) Complaint Filed: December 5, 2007 <br> ) Complaint Removed: January 9, 2008 <br> ) |

Plaintiffs, JIM COLLINS, an individual, and MARYANN COLLINS, an individual, amend their Complaint to allege the following:

## JURISDICTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. section 1331 in that the Fourth Cause of Action alleges violations of the Securities Exchange Act of 1934 under Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

2. Venue is proper in this Court because the securities transactions occurred in San Diego County, California.

3. The Court has personal jurisdiction over all Defendants except Defendant Robert Hydeman in that their principal place of business or principal residence is located within the State of California and San Diego County.

4. The Court has personal jurisdiction over Defendant Robert Hydeman because Defendant Hydeman is Chief Executive Officer of Defendant Winex Investments, LLC and he has availed himself of the use of California for hosting his business.

## GENERAL ALLEGATIONS

5. Plaintiff, JIM COLLINS, an individual, is and was at all relevant times herein, a resident of the County of Riverside, State of California and an investor in WinEx Investments, LLC, a Wyoming limited liability company, which is the subject matter of this lawsuit.

6. Plaintiff, MARYANN COLLINS, an individual, is and was at all relevant times herein, a resident of the County of Riverside, State of California and an investor in Defendant, WinEx Investments, LLC, a Wyoming limited liability company, which is the subject matter of this lawsuit.

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

7.    Plaintiff JIM COLLINS, an individual, and MARYANN COLLINS, an individual, are collectively referred to herein as "Plaintiffs."

8.    Plaintiffs allege on information and belief that Defendant, WINEX INVESTMENTS, LLC ("WINEX") is a Wyoming limited liability company which is organized, existing and under the laws of Wyoming, but doing business within the State of California and County of San Diego.

9.    Plaintiffs allege on information and belief that Defendant, WILLIAM KRUSHESKI, is an individual and is, and was at all relevant times herein, a resident of the State of California and County of San Diego.

10.    Plaintiffs allege on information and belief that Defendant, JOHN SULLIVAN, is an individual and is, and was at all relevant times herein, a resident of the State of California and County of San Diego.

11.    Plaintiffs allege on information and belief that Defendant, ROBERT B. HYDEMAN, is an individual and is, and was at all relevant times herein, a resident of the State of Texas and of an unknown county.

12.    Plaintiffs allege on information and belief that Defendant, EMILIO PINEDA, is an individual and is, and was at all relevant times herein, a resident of the State of California and County of Orange.

13.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege the true names and capacities of Doe defendants when they are ascertained.  Plaintiffs allege on information and belief that each of the fictitiously named defendants is responsible for the occurrences and injuries alleged in this complaint.

14.    Plaintiffs allege on information and belief that at all times relevant herein, each of the defendants was the agent, servant, employer, employee, joint venturer and/or representative of each of the remaining defendants, and at all times relevant herein, was acting within the scope and purpose of said agency, servitude, employment, joint venture and/or representation, and was

acting with the express or implied knowledge, permission, consent or ratification of the remaining defendants, and each of them.

## **INTRODUCTION**

15. Defendants EMILIO PINEDA ("PINEDA") and WILLIAM KRUSHESKI ("KRUSHESKI"), in their capacity as financial and investment advisors to Plaintiffs, persuaded the Plaintiffs into refinancing their low interest, fixed rate loan into a high interest, adjustable rate loan to take the equity out of their home to invest in WINEX.

16. Several meetings took place in California between January and April of 2007 in Irvine, California and Corona, California between WinEx's Chief Financial Officer, Defendant KRUSHESKI, Defendant PINEDA and the Plaintiffs. During a meeting held in January of 2007 in Irvine, California, Defendant KRUSHESKI guaranteed to Plaintiffs a return of twenty percent (20%).

17. On or about January 29, 2007, Defendant PINEDA and the Plaintiffs met. PINEDA convinced Plaintiffs at that meeting to refinance their house and to invest in Defendant WINEX. On or about January 31, 2007, Defendant PINEDA pre-qualified Plaintiffs to refinance their house with a HELOC and initiate the plan discussed with them.

18. Based on Defendants PINEDA and KRUSHESKI's advice and persuasion, Plaintiffs invested the sum of Fifty Thousand Dollars ($50,000.00) into WINEX in exchange for membership interests in WINEX.

19. The Private Placement Memorandum ("PPM") distributed to Plaintiffs describes that WINEX, through Sonador, will "apply strict, systematic and non-negotiable discipline in exiting losses" through several defensive measures, including "[c]onservative policies on Margin [calls]" and "[c]onstant review and [a]nalysis of [t]rading and [p]ortfolio [r]isks exposure." However, conservative policies were not put in place. Sonador aggressively used margins and, as a result, lost a significant portion of Plaintiff's investment.

20. Due to an error in execution by the newly minted and inexperienced company, and after only four months of investing with WINEX, due to the mismanagement, malfeasance, nonfeasance, and/or lackadaisical attitude of WINEX's management, WINEX lost over eighty

*Geraci Law Firm, APC*
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

percent (80%) of the Plaintiffs' investment, including losing over seventy-four percent (74%) of the Plaintiffs' investment in one month.

## **FIRST CAUSE OF ACTION**

(By Plaintiffs against all Defendants and Does 1-100

For Intentional Misrepresentation)

21. Plaintiffs reallege and incorporate herein by this reference as though fully set forth herein the allegations set forth in paragraphs 1 through 20, inclusive, above.

22. In March of 2007, Defendants KRUSHESKI and PINEDA provided the Plaintiffs with a Confidential Private Placement Memorandum dated March 7, 2007 (the "PPM").

23. WINEX's PPM drafted in March of 2007, KRUSHESKI, through several letters, including a letter dated May 18, 2007 and through his meeting with the Plaintiffs in January of 2007, and PINEDA in meeting with Plaintiffs on or about January 29, 2007, promised "daily internet access with personal password protected account information."

24. Plaintiffs relied on the promise made by the PPM as well as those same promises made by Defendants WINEX, KRUSHESKI and PINEDA.

25. Furthermore, WINEX, through its PPM, KRUSHESKI and PINEDA represented to the Plaintiffs that several risk management policies were in place, including conservative policies on margin calls and constant review and analysis of trading and portfolio risks exposure.

26. Defendants knew that the above statements promised to Plaintiffs were false at the time the statements were made because the daily access to the website with account information had not existed nor has daily access to Plaintiffs accounts been provided to Plaintiffs as of the date of this Complaint.

27. Defendant WINEX through its controlled persons knew that conservative policies on margin calls were not put in place at the time the statements were made and had no intention to do so and intended to manipulate and deceive Plaintiffs to invest with WINEX by failing to disclose that this fact was false. This is evident because Sonador's heavy use of margin calls

would not have been possible had conservative policies on margin calls been put in place and Sonador's poor trading on margin calls in July of 2007 directly caused Plaintiffs' loss.

28. Plaintiffs reasonably relied on the above statements to their detriment because Plaintiffs would not have invested in WINEX had they known that they would never have daily access to internet access with personal password protected account information. Moreover, Plaintiffs would not have invested with WINEX had they known that conservative margin call policies were not put in place due to the increased risk of their investment money.

29. As a direct and proximate result of Defendants' intentional misrepresentation noted above, Plaintiffs have been damaged in an amount according to proof at trial but believed to be in excess of $100,000.00.

30. Defendants, and each of them, are guilty of fraud, oppressiveness and/or malice, entitling Plaintiffs to recover punitive or exemplary damages as authorized by Civil Code Section 3294 in an amount to be proven at time of trial. Such punitive damages should also be imposed upon the corporate defendants, because the Plaintiffs allege on information and belief that their officers, directors, or managing agents either authorized in advance the complained of conduct by its respective officers, directors, managing agents or employees, or, in conscious disregard of the rights and potential for harm to the Plaintiffs, allowed such officers, directors, managing agents or employees to perform the acts complained of herein, or ratified the acts of such officers, directors, managing agents or employees.

## SECOND CAUSE OF ACTION

(By Plaintiffs against Defendants WINEX, KRUSHESKI, PINEDA and

Does 1-100 for Negligent Misrepresentation)

31. Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 30, inclusive, set forth above

32. As a direct and proximate result of Defendants' misrepresentation, Plaintiffs have been damaged in an amount in excess of $100,000.00 according to proof at trial.

////

////

## THIRD CAUSE OF ACTION

(By Plaintiffs against Defendant WINEX and

Does 1-100 For Employment Of Manipulative and Deceptive Practices Under Rule 10b-5

Of The Securities Exchange Act Of 1934)

33. Plaintiffs reallege and incorporate by this reference as though fully set forth herein, paragraphs 1 through 32, inclusive, above.

34. In March of 2007, Defendants KRUSHESKI and PINEDA provided the Plaintiffs with a Confidential Private Placement Memorandum dated March 7, 2007 (the "PPM").

35. Furthermore, WINEX, through its PPM, represented to the Plaintiffs that several risk management policies were in place, including conservative policies on margin calls and constant review and analysis of trading and portfolio risks exposure.

36. Defendant WINEX through its controlled persons knew that conservative policies on margin calls were not put in place at the time the statements were made and had no intention to do so and intended to manipulate and deceive Plaintiffs to invest with WINEX by failing to disclose that this fact was false. This is evident because Sonador's heavy use of margin calls would not have been possible had conservative policies on margin calls been put in place and Sonador's poor trading on margin calls in July of 2007 directly caused Plaintiffs' loss.

37. Plaintiffs reasonably relied on the fact that conservative policies on margin calls would help protect their investment to their detriment. Plaintiffs would not have invested with WINEX had they known that conservative margin call policies were not put in place due to the increased risk of their investment money.

38. Since WINEX did not have any conservative policies on margin calls in place, this failure allowed Sonador in July of 2007 to heavily margin WINEX's investment account, directly causing the loss of over seventy four percent (74%) of the Plaintiffs investment in that month.

39. All defendants are control persons of Defendant WINEX such that they are jointly

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

and severally liable with Defendant WINEX.

40. Plaintiffs have suffered damages in the significant loss of their investment money placed with Defendant WINEX in an amount according to proof at trial but believed to be in excess of $100,000.

## FOURTH CAUSE OF ACTION

(By Plaintiffs against all Defendants and Does 1-100 For

Employment Of Manipulative and Deceptive Practices Under the

California Corporations Code Section 25401 of the

California Corporate Securities Law of 1968)

41. Plaintiffs reallege and incorporate by this reference as though fully set forth herein, paragraphs 1 through 40, inclusive, above.

42. In March of 2007, Defendants KRUSHESKI and PINEDA provided the Plaintiffs with a Confidential Private Placement Memorandum dated March 7, 2007 (the "PPM").

43. Furthermore, WINEX, through its PPM, represented to the Plaintiffs that several risk management policies were in place, including conservative policies on margin calls and constant review and analysis of trading and portfolio risks exposure.

44. Defendant WINEX through its controlled persons knew that conservative policies on margin calls were not put in place at the time the statements were made and had no intention to do so and intended to manipulate and deceive Plaintiffs to invest with WINEX by failing to disclose that this fact was false. This is evident because Sonador's heavy use of margin calls would not have been possible had conservative policies on margin calls been put in place and Sonador's poor trading on margin calls in July of 2007 directly caused Plaintiffs' loss.

45. Plaintiffs reasonably relied on the fact that conservative policies on margin calls would help protect their investment to their detriment. Plaintiffs would not have invested with WINEX had they known that conservative margin call policies were not put in place due to the increased risk of their investment money.

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

46. Since WINEX did not have any conservative policies on margin calls in place, this failure allowed Sonador in July of 2007 to heavily margin WINEX's investment account, directly causing the loss of over seventy four percent (74%) of the Plaintiffs investment in that month.

47. Plaintiffs have suffered damages in the significant loss of their investment money placed with Defendant WINEX in an amount according to proof at trial but believed to be in excess of $100,000.

## FIFTH CAUSE OF ACTION

(By Plaintiffs against all Defendants and Does 1-100

For Breach of Fiduciary Duty)

48. Plaintiffs reallege and incorporate by this reference as though fully set forth herein paragraphs 1 through 47, inclusive, above.

49. Defendants owed Plaintiffs a fiduciary duty to account for the Plaintiffs' investment with WINEX.

50. On several separate occasions, Defendants failed to return Plaintiffs' investments despite requests to do so.

51. On one occasion, Defendants required Plaintiffs' to sign a waiver releasing Defendants of all wrongdoing before Defendants would return Plaintiffs' investment.

52. Defendants breached their duty by not diligently and quickly returning Plaintiffs' investment.

53. Defendants, and each of them, are guilty of fraud, oppressiveness and/or malice, entitling Plaintiffs to recover punitive or exemplary damages as authorized by Civil Code Section 3294 in an amount to be proven at time of trial.  Such punitive damages should also be imposed upon the corporate defendants, because the Plaintiffs allege on information and belief that their officers, directors, or managing agents either authorized in advance the complained of conduct by its respective officers, directors, managing agents or employees, or, in conscious disregard of the rights and potential for harm to the Plaintiffs, allowed such officers, directors, managing agents or employees to perform the acts complained of herein, or ratified the acts of such officers, directors,

managing agents or employees.

////

////

## SIXTH CAUSE OF ACTION

(By Plaintiffs against Defendants KRUSHESKI, PINEDA and Does 1-100

For Unlicensed Broker-Dealer Selling Securities Under The

California Corporate Securities Law of 1968)

54. Plaintiffs reallege and incorporate by this reference as though fully set forth herein paragraphs 1 through 58, inclusive, above.

55. Defendants KRUSHESKI and PINEDA, and each of them, sold and/or arranged the sale to Plaintiffs securities in WINEX and acted as a broker-dealer in the transaction.

56. To Plaintiffs' knowledge and belief, Defendants and each of them are not licensed broker-dealers in the State of California and are not exempt from such licensing.

57. Plaintiffs seek to rescind the purchase of WINEX securities from Defendants, and each of them, as a result.

## SEVENTH CAUSE OF ACTION

(By Plaintiffs against Defendants KRUSHESKI, PINEDA and Does 1-100

For Unlicensed Investment Advisor Under California Corporate Securities Law Of 1968)

58. Plaintiffs reallege and incorporate by this reference as though fully set forth herein paragraphs 1 through 57, inclusive, above.

59. Defendants, and each of them, sold and/or arranged the sale to Plaintiffs securities in WINEX and acted as an investment advisor in the transaction.

60. To Plaintiffs' knowledge and belief, Defendants and each of them are not licensed investment advisors in the State of California and are not exempt from such licensing.

61. Plaintiffs seek to rescind the purchase of WINEX securities from Defendants, and each of them as a result.

////

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

////
////
////
////

**WHEREFORE**, Plaintiffs JIM COLLINS and MARYANN COLLINS, pray for:

### On the First and Fifth Causes of Action:

1. General damages according to proof but in excess of $100,000;
2. Punitive Damages;
3. Cost of suit herein;
4. Attorneys' fees; and
5. For such other and further relief as the court deems proper.

### On the Second and Seventh Cause of Action:

1. General damages according to proof but in excess of $100,000;
2. Cost of suit herein;
3. Attorneys' fees; and
4. For such other and further relief as the court deems proper.

### On the Third, Fourth, Sixth and Seventh Cause of Action:

1. Rescission of Plaintiffs' investment with WinEx ($50,000.00);
2. General damages according to proof but in excess of $100,000;
3. Cost of suit herein;
4. Attorneys' fees; and
5. For such other and further relief as the court deems proper.

Dated:  April 3, 2008             **GERACI LAW FIRM, APC**


                                  By:   /s/Anthony F. Geraci
                                        Attorneys for Plaintiffs, JIM COLLINS and
                                        MARYANN COLLINS

**CERTIFICATE OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 2030 Main Street, Suite 1300, Irvine, California 92614.

On **April 3, 2008**, I served the following document(s):  **FIRST AMENDED COMPLAINT**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

Elizabeth Balfour, Esq.
Sheppard Mullin Richter & Hampton, LLP
12275 El Camino Real, Suite 200
San Diego, California 92130-2006

[X] **BY ELECTRONIC MAIL**: I caused the above-entitled documents to be served through CM ECF addressed to all parties appearing on the CM ECF electronic service list for the above-entitled case. The file transmission was reported as completed and a copy of the CM ECF Filing Receipt will be maintained with the original documents in our office.

[X] **FEDERAL**: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of peIjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under 21 the laws of the United States of America that the foregoing is true and correct.

Executed on April 3, 2008 at Irvine, California.

/s/ Anthony F. Geraci

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157