Anthony F. Geraci (SBN 238892)
Christina L. Geraci (SBN 236719)
Geraci Law Firm, APC
2030 Main Street, Suite 1300
Irvine, CA 92614
Tel.: (949) 260-9156
Fax: (949) 260-9157
E-mail: anthony@geracilawfirm.com

Attorneys for: Plaintiffs, JIM COLLINS and MARYANN COLLINS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM COLLINS and MARYANN COLLINS<br><br>Plaintiffs,<br><br>vs.<br><br>WINEX INVESTMENTS, LLC, a Wyoming limited liability company, WILLIAM KRUSHESKI, an individual, JOHN SULLIVAN, an individual, ROBERT B. HYDEMAN, an individual, EMILIO PINEDA, an individual, DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 08 CV 0051 L CAB<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' (A) MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 727 and (B) MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: August 4, 2008<br>Time: 10:30am<br>Dept: 14<br><br>Honorable James Lorenz |

Plaintiffs JIM COLLINS and MARYANN COLLINS (hereinafter, the "Collins") hereby oppose Defendants' WINEX INVESTMENTS, LLC ("WINEX"), WILLIAM KRUSHESKI ("KRUSHESKI"), JOHN SULLIVAN ("SULLIVAN"), ROBERT B. HYDEMAN ("HYDEMAN") and EMILIO PINEDA ("PINEDA")'s Motion to Dismiss Plaintiff's First Amendment Complaint on the following grounds:

///

///

## I. INTRODUCTION

Defendants PINEDA and KRUSHESKI invited the Collins to a seminar where they were encouraged to withdraw the equity out of their home and invest with WINEX. Throughout the PPM, the Collins were reassured that Defendant WINEX and WINEX's management, whose officers consisted of Defendants KRUSHESKI, SULLIVAN and HYDEMAN, would use all the skill and care of highly experienced securities and financial market persons to protect the Collins' and other investor's investments as much as possible. The Private Placement Memorandum ("PPM") distributed to the Collins' describes that WINEX, through Sonador Capital Management ("Sonador"), will "apply strict, systematic and non-negotiable discipline in exiting losses" through several defensive measures, including "[c]onservative policies on Margin [calls]" and "[c]onstant review and [a]nalysis of [t]rading and [p]ortfolio [r]isks exposure." (PPM, pg. 24-25). However, conservative policies were not put in place. Sonador aggressively used margins and, as a result, lost a significant portion of the Collins' investment. Due to an error in execution by the newly minted and inexperienced trading company, Sonador, and after only four months of investing with WINEX, due to the mismanagement, malfeasance, nonfeasance, and/or lackadaisical attitude of WINEX's management, WINEX lost over eighty percent (80%) of the Plaintiffs' investment, including losing over seventy-four percent (74%) of the Plaintiffs' investment in one month.

Defendants argue that the Collins are claiming that "they would not have put their money into [WINEX] had they known that the value of their investment would decrease the way it did." (Defts' Motion to Dismiss, P&A, pg 1-2). However, as is clearly shown in Plaintiff's First Amended Complaint ("Complaint"), the Collins are clearly arguing that had they known that margin calls and constant reviews and analysis of Sonador's trading <u>were not going to be followed</u>, they would not have invested in WINEX (Complaint, ¶ 19-20).

Thus, the Collins are complaining that as a *direct* result of WINEX's failure to follow the policies and procedures set forth in the PPM, and since those failures allowed Sonador to execute the erroneous trade and, thus, directly caused the Collins' damages.

///

2

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' (A) MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 727 and (B) MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

## II. DEFENDANT JOHN SULLIVAN HAS NOT RECEIVED A DISCHARGE UNDER 11 U.S.C. § 727 AND THEREFORE NOT ENTITLED TO BE DISMISSED

This firm, as counsel for the Collins', filed a Creditor complaint on or around April appeared in front of Judge Bowie of the United States Bankruptcy for the Southern District of California on July 15, 2008. During the hearing, Judge Bouie agreed to grant the Collins' Motion for Relief from the Automatic Stay and agreed to stay the Collins' complaint against SULLIVAN until the final outcome of this case. (See Decl. of Charles W. Brower, II & Exh. A to Decl. of Charles W. Brower, II, filed concurrently herewith).

Therefore, the Bankruptcy Court has not discharged SULLIVAN's bankruptcy as to the Collins' and should not be dismissed from this case.

## III. THE COLLINS' FRAUD-BASED PLEADINGS SATISFY THE PLEADING REQUIREMENTS OF FRCP 9(b) AND THE PSLRA

### A. FRCP 9(b) Required the Collins' Complaint to be Pled with Particularity

Defendants go to a lot of trouble to explain to the Court exactly what is fraud and adds a lot of rules and prerequisites to a fraud complaint. Rather than try to follow the maze of cases and citations Defendant claims, FRCP 9(b)'s requirement for particularity is actually quite simple. FRCP 9(b) must be read in harmony with FRCP Rule 8's requirements of a "short and plain" statement of the claim. Therefore, FRCP 9(b)'s requirement for particularly is satisfied if the pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989) (emphasis added); California Practice Guide: Federal Civil Procedure Before Trial § 8:39 (The Rutter Group, 1989, 2008).

### B. The PSLRA Required the Collins' Complaint to Plead Particularity Only Apply to the Third Cause of Action

The PSLRA only applies to securities fraud actions based upon Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. § 240.10b-5). While 10b-5 actions resemble common law tort actions for

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

disceit and misrepresentation, they "are not identical to" them. *Dura Pharmaceuticals Inc. v. Brudo*, 544 U.S. 336, 341 (2005) (emphasis added). Therefore, the only cause of action the PSLRA could apply to in the Collins' complaint is the Third Cause of Action.

### C. The First Cause of Action is Pled with Particularity

The Defendants argue that the Collins do not plead facts that show "how, when, where, to whom and by what means the representations were tendered." (Defts' Motion to Dismiss, P&A, pg 13, ¶ 1). However, the Complaint pleads with particularity the First Cause of Action. The elements of Intentional Misrepresentation, according to California law, are as follows: "(1) a knowingly false representation by the defendant, (2) an intent to deceive or induce reliance, (3) justifiable reliance by the plaintiff, and (4) resulting damages." Croeni v. Goldstein, 21 Cal. App. 4th 754, 758 (1994).

The Complaint sets forth all of those elements. The Complaint identifies two misrepresentations: (a) WINEX, PINEDA and KRUSHESKI promised daily internet access to their accounts (Complaint, ¶ 23) and (b) conservative policies were not put in place by WINEX regarding margin calls (Complaint, ¶ 25). The Complaint pleads that PINEDA and KRUSHESKI's intent was to deceive the Collins and telling them they would have daily internet access to their account and would use conservative margin calls because they knew these facts were false (Complaint ¶¶ 26, 27). The Complaint pleads that the Collins justifiably relied to their detriment (Complaint, ¶ 28). Finally, the Complaint pleads their damages (Complaint ¶¶ 29, 30).

The Defendants' expectations that the Collins reveal every single fact they intend to rely on is not required under FRCP 9(b); rather, the Collins merely have to "identif[y] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.* 885 F.2d 531, 540 (9th Cir. 1989) (emphasis added); *California Practice Guide: Federal Civil Procedure Before Trial* § 8:39 (The Rutter Group, 1989, 2008). Here, it is clear the Collins have. Therefore, the Court should deny Defendants' Motion to Dismiss as it applies to the First Cause of Action.

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

### D. The Second Cause of Action is Based on Negligence and Therefore Does Not Have to be Pled with Particularity; even if it does, the Complaint so Pleads it

The Second Cause of Action is based on negligence and therefore does not have to be specifically pled under FRCP 9(b). However, assuming Defendants' arguments are correct, the Collins did indeed plead with particularity.

Under California law, negligent misrepresentation is exactly like intentional misrepresentation except that there is no requirement for intent. The elements of negligent misrepresentation are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 244.

Under the Second Cause of Action, the Complaint states that "Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 30, inclusive, set forth above" (Complaint, ¶ 31). Therefore, the Collins incorporated their pleadings from the first cause of action, which pled with particularity exactly what the Collins are relying on to sue the Defendants. Nothing more is required under FRCP 9(b) nor FRCP 8. Therefore, the Court should deny Defendants' Motion to Dismiss as it applies to the First Cause of Action.

### E. The Third Cause of Action is Pled with Particularity under the PSLRA

Defendants argue that WINEX's Plans to Use "Conservative Policies" cannot state a claim under Rule 10b-5 for a myriad of reasons. First, Plaintiff states that the fact that Plaintiffs do not allege that WINEX, KRUSHESKI or PINEDA[1] "knew at the time the PPM was prepared and distributed that Sonador would not implement conservative policies on margin calls. It is just as plausible that, based on the allegations in the Amended Complaint, KRUSHESKI and PINEDA believed the representations to be true at the time they were made . . ." (Defts. Motion to Dismiss,

---

[1] It is assumed for the purposes of this opposition that all references to "Craig Pinedo" in the Defendants' Motion to Dismiss are in error and are intended to reference Emilio Pineda.

Geraci Law Firm, APC
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

Memo. Of Points & Authorities, pgs 8-9). This is at direct odds with the PPM, which states that WINEX "through [Sonador], plans to apply <u>strict</u>, <u>systematic</u> and <u>non-negotiable discipline in exiting losses</u>." (PPM, pg 24). Failure to implement such a discipline is evidence enough that KRUSHESKI, WINEX and PINEDA did not believe in the representations to be true at the time they were made.

Next, Defendants argue that Sonador's ability to execute trades in a certain way were nothing more than a "forward looking statement." Defendants materially misrepresent to the Court what a forward looking statement is. Congress codified a "safe harbor provision" at 15 U.S.C. §78 u-5. In pertinent part Forward Looking Statements are defined as: "[A] statement of the plans and objectives of management for future operations, including plans or objectives relating to the products or services of the issuer" 15 U.S.C. §78 u-5(i)(b). The statement is considered a "forward looking statement" if, "identified as a forward-looking statement**, and is accompanied by meaningful cautionary statements** identifying important factors that could cause actual results to differ materially from those in the forward-looking statement" 15 U.S.C. § 78 u-5(c)(1)(a)(i).

Defendants misrepresent to the court what actually qualifies as a forward looking statement under the safe harbor provision. Specifically in <u>No. 84 Employer-Teamster Join Council Pension Trust Fund</u> v. <u>America West Holding Corp</u>., 320 F.3d 920 (9th Cir. 2003), the Court held that the statements made by the Defendants, America West, **could not** be considered Forward Looking Statements, as they were not accompanied by meaningful cautionary statements. <u>Id</u>. at 937. Moreover, the court in <u>Employer-Teamster</u> rejects the logic of the Defendants that any statement that has any outcome on the future is automatically "forward-looking." <u>Id</u>.

By simply using the word "plans" to imply a Forward Looking Statement is a misstatement of the law. While there are various cautionary statements throughout the Private Placement Memorandum, none discuss the possibility that Sonador or Winex **would not** be cautious in the execution of trades. Therefore the statement, "The Company through its Trading Advisor plans to apply strict, systematic and non-negotiable discipline in exiting losses" cannot and should not be

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

considered a Forward Looking Statement. Moreover, if the logic of the Defendants is to be accepted than everything in the PPM would be considered forward looking statements, shielding sellers of securities from any accountability, leading to absurd results.

### F. The Fourth Cause of Action is Pled with Particularity

The Fourth Cause of Action is based on Section 25401 of the California Corporations code. California Corporations Code section 25401 states that:

> It is unlawful for any person to offer or sell a security in this state or buy or offer to buy a security in this state by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

Under the Fourth Cause of Action, the Complaint states that "Plaintiffs reallege and incorporate by this reference as though fully set forth herein paragraphs 1 through 47, inclusive, above." (Complaint ¶ 48). The Complaint alleges that the Plaintiffs invested in WINEX and should therefore be interpreted to mean that WINEX directly sold securities to Plaintiffs.

The Defendants next argue that Plaintiffs "fail to allege any material misrepresentations that were made by WINEX in conjunction with the sale." However, the material misrepresentations are the same as noted throughout this Opposition: (a) WINEX, PINEDA and KRUSHESKI promised daily internet access to their accounts (Complaint, ¶ 23) and (b) conservative policies were not put in place by WINEX regarding margin calls (Complaint, ¶ 25). These were incorporated by the Complaint at paragraph 48.

Furthermore, Defendants PINEDA and KRUSHESKI are sufficiently named and alleged in the Complaint as selling shares to the Collins. The Complaint states that "Defendants EMILIO PINEDA and WILLIAM KRUSHESKI in their capacity as financial and investment advisors to Plaintiffs, persuaded the Plaintiffs into refinancing their low interest, fixed rate loan into a high interest, adjustable rate loan to take the equity out of their home to invest in WINEX." (Complaint ¶ 15). As noted above, both PINEDA and KRUSHESKI coercing the Collins to invest should be considered a direct seller of WINEX's securities to the Collins.

In addition, for the same reasons outlined above and in the First and Second causes of action, the Defendants' motion to dismiss the Fourth Cause of Action should be denied.

### G. The Fifth Cause of Action is Pled With Particularity

Defendants erroneously argue that the "fifth cause of action for breach of fiduciary duty is based on the same fraud allegations intended to support the securities claim." (Defts' Motion to Dismiss, P&A, pg 13), attempting to mislead the Court to dismiss the cause of action. However, as it is clearly stated in the Complaint, the allegations are against WINEX and its officers for failure to return the rest of Plaintiff's investment when it was requested to do so. The Complaint, in pertinent part, states the following in regards to this Cause of Action:

> 49.  Defendants owed Plaintiffs a fiduciary duty to account for the Plaintiffs' investment with WINEX.
>
> 50.  On several separate occasions, Defendants failed to return Plaintiffs' investments despite requests to do so.
>
> 51.  On one occasion, Defendants required Plaintiffs' to sign a waiver releasing Defendants of all wrongdoing before Defendants would return Plaintiffs' investment.
>
> 52.  Defendants breached their duty by not diligently and quickly returning Plaintiffs' investment.

As can easily be seen above, Plaintiffs are alleging that <u>after</u> the Defendants' lost the Collins' investment, the Collins requested Defendants to return to the Collins the balance of the investment. However, Defendants required Plaintiffs to sign a waiver releasing Defendants of all wrongdoing before Defendants would return the balance of Plaintiffs' investment. The Complaint alleges that Defendants owed Plaintiffs' a fiduciary duty and that duty was breached by not diligently and quickly returning Plaintiffs' investment. FRCP Rule 8 does <u>not</u> require a pleading of particularity, but rather a "short and plain" statement, which is duly stated above.

For the above reasons, Defendants' motion as to the Fifth Cause of Action should be denied.

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157

## IV. CONCLUSION

For the foregoing reasons, the Collins respectfully request this Court deny Defendants' Motion to Dismiss Plaintiffs' Amended Complaint in its entirety. In the alternative, the Collins respectfully request this Court allow the Collins to amend their Complaint to correct any deficiencies the Court finds in the Complaint.

Dated: July 21, 2008

                    GERACI LAW FIRM
                    A Professional Corporation

                    By: /s/ Anthony Geraci
                        Anthony Geraci
                        Attorneys for Plaintiffs     Jim Collins
                        and Maryann Collins
                        Email: anthony@geracilawfirm.com

**Geraci Law Firm, APC**
2030 Main Street, Suite 1300
Irvine, California 92614
T: (949) 260-9156; F: (949) 260-9157