ELIZABETH S. BALFOUR, Cal. Bar No. 213994
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858-720-8900
Facsimile: 858-509-3691
ebalfour@sheppardmullin.com

Attorneys for Defendants Winex Investments,
LLC, William Krusheski, John Sullivan, Robert
B. Hydeman, and Emilio Pineda

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM COLLINS and MARYANN COLLINS,<br><br>            Plaintiffs,<br><br>     v.<br><br>WINEX INVESTMENTS, LLC, a Wyoming limited liability company, WILLIAM KRUSHESKI, an individual, JOHN SULLIVAN, an individual, ROBERT B. HYDEMAN, an individual, EMILIO PINEDA, an individual, DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. 08 CV 0051 L CAB<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)6<br><br>Date: August 4, 2008<br>Time: 10:30 a.m.<br>Ctrm: 14<br>**Honorable James Lorenz**<br><br>**NO ORAL ARGUMENT**<br><br>Complaint Filed: December 5, 2007<br>Complaint Served: December 10, 2007<br>Complaint Removed: January 9, 2008<br>Amended Complaint Filed: April 3, 2008 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF CONTENTS

Page

I. THE FIRST CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION FAILS TO STATE A CLAIM .................................... 1

   A. The Pleading Requirements Federal Rule of Civil Procedure 9(b) are Not Met .................................... 1

   B. Plaintiffs Do Not Allege a Knowingly False Representation by Any Defendant .................................... 2

   C. The Allegations Do Not Allow Defendants to Prepare an Adequate Answer .................................... 3

II. THE SECOND CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION FAILS TO STATE A CLAIM .................................... 4

III. THE THIRD CAUSE OF ACTION FOR VIOLATION OF RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934 FAILS TO STATE A CLAIM .................................... 5

   A. The Representations Regarding Account Access Cannot Support a Claim .................................... 5

   B. Plaintiffs Do Not Allege Scienter; Therefore Allegations Regarding Sonador's Failure To Comply with Risk Management Policies Fail to State a Claim .................................... 5

   C. The Representations in the PPM are "Forward-Looking Statements" .................................... 7

IV. THE FOURTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CORPORATIONS CODE 25401 FAILS TO STATE A CLAIM .................................... 8

V. THE CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY FAILS TO STATE A CLAIM .................................... 9

   A. Plaintiffs Fail to Allege Any Duty Owed by Winex, Sullivan, or Hydeman .................................... 9

   B. Plaintiffs Fail to Show Any Breached of An Alleged Fiduciary Duty .......... 9

VI. CONCLUSION .................................... 10

# TABLE OF AUTHORITIES

Page

### Cases

Apollo Capital Fund, LLC v. Roth Capital Partners,
    158 Cal.App.4th 226 (2007).................................................................................... 4

California Amplifier, Inc. v. RLI Ins. Co.,
    94 Cal.App.4th 102 (2001)...................................................................................... 8

Committee on Children's Television, Inc. v. General Foods Corp.,
    35 Cal.App.3d 197 (1983)....................................................................................... 9

Dura Pharmaceuticals v. Broudo,
    544 U.S. 336 (2005)................................................................................................ 5

In re Activision Securities Litigation,
    621 F.Supp. 415 (9th Cir. 1985).............................................................................. 8

In re Vantive Corp. Sec. Litig.,
    283 F.3d 1079 (9th Cir. 2002)................................................................................. 6

Lazar v. Superior Court,
    12 Cal.4th 631 (1996)............................................................................................. 2

Makor v. Tellabs,
    127 S.Ct. 2499 (2007)............................................................................................. 7

Metzler Investment re: Corinthian Colleges,
    Case No. 06-55826 (9th Cir., July 25, 2008)...................................................... 6, 7

Moore v. Kayport Package Express, Inc.,
    885 F.2d 531 (9th Cir. 1989).................................................................................. 3

Yourish v. California Amplifier,
    191 F.3d 983 (9th Cir. 1999).................................................................................. 2

### Statutes

15 U.S.C. section 78 u-5(c)(1)(a)(i) ................................................................................. 7

California Corporations Code section 25401 ................................................................. 8

Securities Exchange Act of 1934 Rule 10b-5 ......................................................... 5, 7, 8

### Rules

Federal Rule of Civil Procedure 9(b) .............................................................................. 1

Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 1

The papers filed by Plaintiffs Jim and MaryAnn Collins in response to Defendants' Motion to Dismiss the First Amended Complaint did not present any viable legal arguments for opposing the following relief:

(1) dismissal of all claims against John Sullivan;[1]

(2) dismissal of all claims against Robert Hydeman; and

(3) dismissal of the first, second, third, fourth, and fifth claims against Winex Investments, LLC, William Krusheski, and Emilio Pineda.

This Reply Brief will address each of the claims addressed in the Motion to Dismiss in the order in which they appear in Plaintiffs' Opposition, and will demonstrate that none of them state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

# I.

## THE FIRST CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION FAILS TO STATE A CLAIM

**A.    The Pleading Requirements Federal Rule of Civil Procedure 9(b) are Not Met**

Plaintiffs fail to meet the pleading requirements of Rule 9(b) because (1) they do not identify any details of the alleged misrepresentations; (2) they do not allege sufficient facts to show that a false statement was made "knowingly," and (3) they do not provide sufficient allegations for defendants to be able to prepare an adequate answer.

In the Opposition, Plaintiffs dismiss a wealth of caselaw interpreting the pleading requirements of Rule 9(b). Plaintiffs state that they "will not try to follow the maze of cases and citations" included in the Motion to Dismiss. (Opposition 3:15-16). Indeed, they do not make any attempt to argue that the First Amended Complaint identifies the "how, when, where, to whom, and by what means the representations were tendered,"

---

[1] Plaintiffs explain that Plaintiffs given Relief from the Automatic Stay to maintain this case against Mr. Sullivan. Nevertheless, the claims against Mr. Sullivan should be dismissed because they fail to state a claim under Rule 12(b)(6). Mr. Sullivan is not mentioned in a single substantive allegation in the First Amended Complaint.

required for a fraud claim.  <u>Lazar v. Superior Court</u>, 12 Cal.4th 631, 645 (1996); <u>see also</u> <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 993 (9th Cir. 1999).  Plaintiffs quote language in the Private Placement Memorandum ("PPM") stating that Winex, "through [Sonador], plans to apply strict, systematic, and non-negotiable discipline in exiting losses."  Opposition 6:1-3, PPM, page 24.[2]  However, Plaintiffs do not allege anywhere in the First Amended Complaint who prepared the PPM.  Indeed, Plaintiffs do not even allege that any of the individual defendants were even informed of what text was in the PPM before the document was given to Plaintiffs.  As to alleged oral representations, the First Amended Complaint references alleged meetings during January 2007 attended by Mr. Krusheski and/or Mr. Pineda, at which one or the other or both promised Plaintiffs they would have daily internet access with password protected account information.  It is unclear who made these representations, or on what dates.  The allegations lack the specificity required to satisfy either the California common-law standard or Rule 9(b).

**B.     Plaintiffs Do Not Allege a Knowingly False Representation by Any Defendant**

Second, Plaintiffs concede that a necessary element in a claim for intentional misrepresentation is that a "knowingly false representation" be made by the defendant. Opposition 4:8-9.  However, there are no factual allegations that any of the defendants actually knew, at the time the statements about daily internet access and "discipline in exiting losses" were made, that they would prove to be false.  Indeed, the First Amended Complaint states that, "due to an error in execution by" Sonador, Plaintiffs' investment in Winex declined dramatically in value.  FAC 4:26.  The First Amended Complaint states further that "Sonador's poor trading on margin calls in July of 2007 directly caused Plaintiffs' loss."  FAC 6:2.  The First Amended Complaint alleges that an "error" and "poor trading" caused Plaintiffs' losses.  It does not and cannot allege that Defendants

---

[2] Plaintiffs attach to the Declaration of Anthony Geraci the first 34 pages of the PPM. Although Defendants do not dispute that this is a partial copy of the document provided to Plaintiffs, it is unclear whether or not Plaintiffs intend for the PPM to be attached as an exhibit to the First Amended Complaint. To the extent Plaintiffs intend to attach PPM, Defendants insist that the entire 84-page document be provided to the Court, rather than an excerpt of it.

1  somehow knew in advance that this error would occur and that Sonador would engage in
2  "poor trading." Furthermore, there are no facts alleged that Defendants knew, at the time
3  representations were made regarding daily internet access that it later would not be
4  provided. The fact that a statement later proved to be untrue does not mean it was
5  "knowingly false" at the time it was made.

6  **C.   <u>The Allegations Do Not Allow Defendants to Prepare an Adequate Answer</u>**

7  Third, the allegations regarding intentional misrepresentation do not, as
8  suggested by Plaintiffs in the Opposition, "identify[y] the circumstances constituting fraud
9  so that the defendant can prepare an adequate answer from the allegations." <u>Moore v.</u>
10 <u>Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989). Even assuming this was
11 the only requirement for pleading fraud with particularity (and it is not), this requirement is
12 not met, either. Defendant John Sullivan has no ability to answer the allegations, because
13 he is not mentioned in any of them. Similarly, Robert Hydeman is not alleged to have
14 made a single representation to Plaintiffs. The first cause of action is brought against "all
15 defendants," but Mr. Sullivan and Mr. Hydeman clearly cannot prepare a proper response.
16 Even as to Winex, Mr. Krusheski, and Mr. Pineda, there are insufficient allegations to
17 allow them to prepare an answer: are Plaintiffs alleging Mr. Krusheski and Mr. Pineda
18 wrote or reviewed the PPM? Are Plaintiffs alleging that Winex instructed Sonador not to
19 exercise discipline in exiting losses? That Winex, Mr. Krusheski, or Mr. Pineda
20 supervised Sonador's trading practices? That they knew Sonador would allegedly commit
21 an error in trading? The allegations in the first claim for intentional misrepresentation fail
22 to meet the "fraud with particularity" standard and are insufficient for Defendants to
23 prepare an answer. Accordingly, the Court should dismiss the first claim.
24 ///
25 ///
26 ///
27 ///
28 ///

## II.
## THE SECOND CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION FAILS TO STATE A CLAIM

A negligent misrepresentation is a statement made without reasonable grounds for believing it to be true. Apollo Capital Fund, LLC v. Roth Capital Partners, 158 Cal.App.4th 226, 235 (2007). Plaintiffs claim their allegations that Defendants told them they would have password protected internet access and that Sonador would exercise discipline in exiting losses are sufficient to state a claim for negligent misrepresentation. However, the First Amended Complaint does not allege that Defendants did not have reasonable grounds for believing these statements to be true when they were made. The Apollo Capital case is instructive on this point. In Apollo Capital, the defendants persuaded investors to buy bridge notes by making representations that all the notes would be paid from the proceeds of a preferred stock offering. However, plaintiffs alleged that, at the time these representations were made, defendants knew that no investor had been found for the offering and knew only a portion of the proceeds could pay off the bridge notes. The Court held that plaintiffs had sufficiently alleged negligent misrepresentation:

> The allegation that Roth misrepresented that the bridge notes would be paid off with the proceeds of the preferred stock offering is a positive assertion which, even if Roth believed it to be true, was allegedly not warranted by the information Roth had about the restrictions on the preferred stock offering – i.e., a statement made without reasonable grounds for believing it to be true.
> Id. at 241.

Here, Plaintiffs have not alleged that Defendants' statements regarding internet access to accounts and Sonador's use of discipline in exiting losses were not warranted; only that they later proved not to be true. Under Apollo Capital, Plaintiffs must allege that Defendants had facts or knowledge available to them at the time the representations were made such that they could not have had a reasonable basis for believing the statements to be true. There are no such allegations in the First Amended Complaint. The second cause of action for negligent misrepresentation simply re-alleges

-4-

1  the facts in support of the cause of action for intentional misrepresentation; no additional
2  facts are alleged as to Mr. Sullivan or Mr. Hydeman and neither are mentioned as having
3  made any representation.  As to Winex, and Mr. Krusheski and Mr. Pineda, the First
4  Amended Complaint does not show that they had no reasonable basis to believe that the
5  statements at issue were untrue at the time they were made.  Accordingly, the Court should
6  dismiss the second claim for negligent misrepresentation.

## III.
## THE THIRD CAUSE OF ACTION FOR VIOLATION OF RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934 FAILS TO STATE A CLAIM

**A.    The Representations Regarding Account Access Cannot Support a Claim**

Plaintiffs seem to concede that the representations regarding internet access to the accounts do not state a claim for violation of Rule 10b-5.  In order for alleged misrepresentations to be actionable under Rule 10b-5, Plaintiffs must demonstrate loss causation: "a causal connection between the material misrepresentation and the loss." Dura Pharmaceuticals v. Broudo, 544 U.S. 336, 347 (2005).  Clearly, the failure to provide internet access to account information did not cause the decline in the value of the account.

**B.    Plaintiffs Do Not Allege Scienter; Therefore Allegations Regarding Sonador's Failure To Comply with Risk Management Policies Fail to State a Claim**

Plaintiffs allege in a conclusory fashion that the representations in the PPM regarding "conservative policies on margin" were false when they were made. PPM, page 25.  But, the actual facts in the First Amended Complaint suggest otherwise.  Plaintiffs allege that they were provided the PPM in March 2007 (FAC ¶ 34) and that Sonador's "poor trading on margin calls" occurred in July 2007.  (FAC ¶ 36).  There are absolutely no allegations in the First Amended Complaint that, at the time the PPM was prepared, any of the Defendants knew that Sonador would allegedly fail to act in accordance with the descriptions of trading strategies in the PPM: Winex "through [Sonador], plans to apply strict, systematic, and non-negotiable discipline in exiting losses." PPM, page 24.  The

-5-

1. Opposition presents only the illogical statement that: "Failure to implement such a
2. discipline is evidence enough that Krusheski, Winex, and Pineda did not believe in [sic]
3. the representations to be true at the time they were made." Opposition 6:3-5. Not only
4. does this argument make no sense (there are no allegations that Krusheski, Winex, or
5. Pineda actually exercised any control over Sonador's trading activities), but this argument
6. also is inconsistent with the PSLRA and Ninth Circuit law. To allege that statements made
7. to Plaintiffs, upon which they relied, turned out later to be untrue does not mean the
8. statements were made with the intent to deceive. If it were otherwise, Plaintiffs could
9. assert securities violations simply by "pleading fraud by hindsight," which is not permitted
10. under the PSLRA. <u>In re Vantive Corp. Sec. Litig.</u>, 283 F.3d 1079, 1084 (9th Cir. 2002).

11.       Defendants will not reiterate here the discussion of scienter contained in the
12. Motion to Dismiss or describe the requirement of deliberate recklessness or conscious
13. misconduct. However, it is important to note that the Ninth Circuit recently affirmed the
14. importance of the scienter requirement under the PSLRA in <u>Metzler Investment re:</u>
15. <u>Corinthian Colleges</u>, Case No. 06-55826 (9th Cir., July 25, 2008). In <u>Metzler</u>, plaintiffs
16. alleged that defendants (a publicly traded company and its executives) operated private
17. vocational colleges throughout the United States, and that they violated Rule 10b-5 by
18. failing to disclose investigations into allegedly fraudulent practices at one of the colleges.
19. The Ninth Circuit held: "corporate management's general awareness of the day-to-day
20. workings of the company's business does not establish scienter – at least absent some
21. additional allegation of specific information conveyed to management and related to the
22. fraud." <u>Id.</u> at 9277. Thus, in <u>Metzler</u>, the Ninth Circuit affirmed the District Court's
23. dismissal of the Third Amended Complaint with prejudice.

24.       Here, Winex, Mr. Krusheski, and Mr. Pineda are not alleged to have had any
25. knowledge of Sonador's trading practices. The argument that "Sonador's heavy use of
26. margin calls would not have been possible had conservative policies on margin calls been
27. put in place" and therefore Defendants had no intention of implementing conservative
28. policies on margin calls is circular and nonsensical. FAC 8:18-22. Indeed, there are no

-6-

allegations whatsoever that Winex, Mr. Krusheski, or Mr. Pineda had any ability to instruct Sonador in reference to margin calls or knew in advance how Sonador would handle the particular margin calls in July 2007. Mr. Sullivan and Mr. Hydeman are not even mentioned at all in the First Amended Complaint: no involvement in Winex, and no representations made to Plaintiffs are attributed to them. The only statement about either defendant is an allegation that Mr. Hydeman serves as Chief Executive Officer of Winex. If the Ninth Circuit concluded in <u>Metzler</u> that executives who had general awareness of the day-to-day workings of a company cannot be found to have had scienter, then surely in this case, where there are no allegations of any knowledge by Winex, Mr. Krusheski, Mr. Pineda, Mr. Sullivan, or Mr. Hydeman of the trading activity at issue, there is no scienter. Indeed, Mr. Sullivan and Mr. Hydeman themselves invested their own funds in Winex and, like Plaintiffs, hoped that the accounts traded by Sonador would increase, rather than decrease, in value. As the Supreme Court stated in Tellabs, "[a]n inference of fraudulent intend may be plausible, yet less cogent than other, nonculpable explanations for the defendant's conduct." <u>Makor v. Tellabs</u>, 127 S.Ct. 2499, 2509 (2007). Here, the most logical explanation for the representations in the PPM regarding Sonador's conservative trading policies are that Defendants made the representations believing they were true, and therefore, there can be no scienter and no violation of Rule 10b-5.

C.   **The Representations in the PPM are "Forward-Looking Statements"**

Plaintiffs dispute that the representations in the PPM that Sonador will exercise conservative policies on margin and discipline in exiting losses are "forward-looking statements" under the safe harbor provision. 15 U.S.C. § 78 u-5(c)(1)(a)(i). According to Plaintiffs, there are not sufficient "cautionary statements" in the PPM. In fact, there are dozens of paragraphs in the PPM warning that the funds will be traded on Forex, that the trading will involve use of derivatives, hedging, and margin, and that there are substantial risks, including loss of the entire investment. PPM, pages 7, 8, 10, 11, 15-22, 24-25. For Plaintiffs to claim that the PPM needed to say "it is possible that Sonador will not be cautious in the execution of trades" in order for it to contain sufficient

-7-

"cautionary statements" is absurd. Furthermore, plaintiffs have only attached an excerpt of the PPM to the Opposition, which does not contain the Operating Agreement or the Subscription Agreement that Plaintiffs signed in which they acknowledged these risks. Ultimately, it is not material whether these statements fall in the safe harbor of "forward-looking statements because there is no "scienter" by defendants and therefore no securities fraud. The Court dismiss the third claim for violation of Rule 10b-5.

## IV.

## THE FOURTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CORPORATIONS CODE 25401 FAILS TO STATE A CLAIM

In the Opposition, Plaintiffs explain why the claim for violation of California Corporations Code 25401 is pled with particularity. However, they fail to address the requirement that, in order to plead a violation of Section 25401, the plaintiff and the defendant must be privity: specifically, the defendant must be the "seller" of the securities to the plaintiff. Activision Securities Litigation, 621 F.Supp. 415, 427 (9th Cir. 1985); California Amplifier, Inc. v. RLI Ins. Co., 94 Cal.App.4th 102, 109 (2001). The only explanation given by Plaintiffs of how they have pled any of the defendants were "sellers" of securities to them is: "both Pineda and Krusheski coercing the Collins to invest should be considered a direct seller of Winex's securities to the Collins." Opposition 7:26-27. Plaintiffs cite to no authority for why the direct privity requirement of Section 25401 should be ignored in this case, and there is none. Moreover, Plaintiffs have not even alleged that Winex actually sold them securities. Even if they did, Plaintiffs still cannot state a claim that Winex violated Section 25401 because they have failed to allege any "untrue statement of material fact" made by Winex. Accordingly, the Court should dismiss the fourth cause of action for violation of Section 25401.

/ / /

/ / /

/ / /

# V.

## THE CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY FAILS TO STATE A CLAIM

**A.     Plaintiffs Fail to Allege Any Duty Owed by Winex, Sullivan, or Hydeman**

"[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf of and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal.App.3d 197, 221 (1983). The fact that Plaintiffs invested funds in Winex does not impose upon Winex a fiduciary obligation towards Plaintiffs. There can be no fiduciary obligation owed by Mr. Sullivan or Mr. Hydeman; indeed, Plaintiffs do not allege they ever met Mr. Sullivan or Mr. Hydeman.

**B.     Plaintiffs Fail to Show Any Breached of An Alleged Fiduciary Duty**

Plaintiffs allege that Mr. Krusheski and Mr. Pineda acted as Plaintiffs' "financial and investment advisors" (FAC 4:5) but do not state any other facts to indicate that Mr. Krusheski and Mr. Pineda owed them any fiduciary duties. Nevertheless, assuming the truth of the allegations in the First Amended Complaint, and that a fiduciary duty existed, the First Amended Complaint does not contain allegations showing that any duty was breached. The fact that financial advisors perhaps make poor recommendations does not mean they have breached a duty owed to their clients, and Plaintiffs have not cited any authority to the contrary. Furthermore, Plaintiffs have not alleged that Mr. Krusheski or Mr. Pineda had any control over the return of their funds, despite Plaintiffs' allegations that they "failed to return Plaintiffs' investments despite requests to do so." FAC 9:14-15. Obviously, Mr. Krusheski and Mr. Pineda were not physically in possession of Plaintiffs' investments to be able to "return" them. Defendants respectfully request that the Court dismiss the fifth cause of action for breach of fiduciary duty.

/ / /

/ / /

/ / /

## VI.

## **CONCLUSION**

In the current economic climate, there are likely millions of Americans who feel the way Mr. and Mrs. Collins do: whose investments have gone sour and who wish they had done something different with their money. But, not every investor in their position has a valid claim. Plaintiffs are disappointed, not defrauded, investors. Defendants request that the Court grant the Motion to Dismiss.

DATED: July 28, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Elizabeth Balfour
Attorneys for Defendants
e-mail: ebalfour@sheppardmullin.com

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 12275 El Camino Real, Suite 200, San Diego, California 92130-2006.

On **July 28, 2008,** I served the following document(s):

1. REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)6

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

Anthony F. Geraci, Esq.
Geraci Law Firm
2030 Main St., Ste. 1300
Irvine, CA  92614
Phone:  949-260-9156
Fax:  949-260-9157

☒  BY ELECTRONIC MAIL: I caused the above-entitled documents to be served through CM ECF addressed to all parties appearing on the CM ECF electronic service list for the above-entitled case.  The file transmission was reported as completed and a copy of the CM ECF Filing Receipt will be maintained with the original documents in our office.

☒  FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2008, at San Diego, California.

_____
Kim McClelland