UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIM COLLINS *et al.*, | ) | Civil No. 08cv51-L(CAB) |
| Plaintiffs, | ) ) | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | ) ) | |
| WINEX INVESTMENTS, LLC, *et al.*, | ) ) | |
| Defendants, | ) ) | |

Pending before the court is Defendants' motion to dismiss portions of the first amended complaint. For the reasons which follow, the motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are granted **LEAVE TO AMEND**.

Plaintiffs purchased limited liability company units in Defendant Winex Investments, LLC ("Winex"). At a January 29, 2007 meeting, Defendant Emilio Pineda persuaded Plaintiffs to refinance their home to raise the funds to invest in Winex. (Compl. at 4.) Defendant William Krusheski, Winex' Chief Financial Officer "guaranteed" Plaintiffs would receive a twenty percent return on their investment. (*Id*.) On January 31, Mr. Pineda assisted Plaintiffs in refinancing their home by pre-qualifying them for a high-interest adjustable rate loan. (*Id*.) In March 2007, Messrs. Pineda and Krusheski provided Plaintiffs with the Winex Private Placement Memorandum. (*Id*. at 5.) It stated that Sonador Capital Management, Inc. ("Sonador"), the private trading firm providing investment management services, would use "defensive measures," including "[c]onstant review and [a]nalysis of [t]rading and [p]ortfolio

[r]isk exposure" and "[c]onservative policies on [m]argin." (*Id.* at 4; *see also id.* at 5.) In addition, it stated that Plaintiffs would have daily internet access to their account. (*Id* at 5.) The latter representation was also made to Plaintiffs by Mr. Krusheski in several letters, including a May 18, 2007 letter, and by Messrs. Pineda and Krusheski in meetings with Plaintiffs in January 2007, including the January 29, 2007 meeting. (*Id.*)

Based on Messrs. Pineda's and Krusheski's representations and advice, Plaintiffs were persuaded to invest $50,000 in Winex. (Compl. at 4.) However, Plaintiffs were not provided internet access to their account, and the promised conservative policies were not followed. (*Id.* at 4, 5.) Winex lost over eighty percent of Plaintiffs' investment. (*Id.* at 4-5.) When Plaintiffs requested to withdraw their investment, Defendants repeatedly refused, and on one occasion required Plaintiffs to sign a waiver releasing them from all wrongdoing as a condition before liquidating their investment. (*Id.* at 9.)

Plaintiffs filed a complaint in state court. Defendants removed it to this court. They based federal question jurisdiction on Plaintiffs' securities fraud claim under 15 U.S.C. Section 78j. Subsequently Plaintiffs filed an amended complaint alleging causes of action for securities fraud under federal law, intentional misrepresentation, negligent misrepresentation and breach of fiduciary duty under California common law, and securities fraud under California Corporations Code Section 25401 against Winex and Messrs. Pineda, Krusheski, John Sullivan and Robert B. Hydeman. Defendants moved to dismiss portions of the amended complaint.

Initially, Defendants move to dismiss all claims against Mr. Sullivan based on a bankruptcy stay issued on March 31, 2008 in Mr. Sullivan's bankruptcy case. However, the court takes judicial notice of the August 25, 2007 order of the Bankruptcy Court granting Plaintiffs' motion for relief from stay. Defendants' argument that all claims against Mr. Sullivan are precluded by the bankruptcy stay is rejected.

In all other respects, Defendants' motion is based on Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d

530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. The "complaint must, at a minimum, plead 'enough facts to state a claim for relief that is plausible on its face.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ___; 127 S. Ct. 1955, 1974 (2007).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998.)

First, Defendants maintain that Plaintiffs failed to adequately allege intentional misrepresentation with the particularity required by Federal Rule of Civil Procedure 9(b).[1] To comply with Rule 9(b), "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). In this regard, it is sufficient to plead items such as the time, place and nature of the alleged

/ / / / /

---

[1] Because intentional misrepresentation is a state law claim in federal court under the doctrine of supplemental jurisdiction, the court is required under the *Erie* doctrine to follow California substantive law. *See Crowe v. Wiltel Communic'n Sys.*, 103 F.3d 897, 899 (9th Cir. 1996). However, irrespective of the source of subject matter jurisdiction, in federal court, procedure is governed by federal law, particularly when an issue is directly covered by the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460 (1965); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). Therefore, "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess*, 317 F.3d at 1103.

fraudulent activities. *Id.* Contrary to Defendants' argument (Defs' Mem. of P.&A. at 13; Reply at 1), Plaintiffs allege all of these particulars (*see* Compl. at 4-5).

Defendants also complain that Plaintiffs do not allege knowledge with particularity. (Reply at 1, 2-3.)  There is no such requirement under Rule 9(b), which states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Further, Defendants contend that Plaintiffs' allegations that Sonador's error and poor trading caused the loss of value are inconsistent with knowledge and intent to defraud. (Reply at 2-3.)  Plaintiffs' allegations, which suggest Defendants' negligence rather than knowledge and intent, are not fatal to the fraud claim.  "A party may state as many separate claims . . . as it has, regardless of consistency."  Fed. R. Civ. Proc. 8(d)(3).

Defendants next move to dismiss the negligent misrepresentation claim, arguing that Plaintiffs did not allege any facts in support thereof. (Mem. of P.&A. at 13.)  This argument has no merit.  Although Plaintiffs do not expansively allege this claim, they incorporate by reference all prior allegations. (Compl. at 6.)  Defendants also maintain that Plaintiffs did not sufficiently allege that the representations were made "without reasonable ground for believing [them] to be true." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007) (listing elements).  Plaintiffs incorporated their allegations that Defendants knew their representations were false; accordingly, for purposes of Rules 8(a) and 9(b), they sufficiently alleged that Defendants had no reasonable ground to believe their representations to be true. Defendants' reliance on *Apollo Capital* to support their argument about the requisite pleading specificity is misplaced because federal law controls procedural issues in federal court, particularly where an issue is directly covered by the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003); *see also fn. 1 supra*.  It is immaterial that the claim sued upon arises under state law and a different result would have been reached in a state court action. *Vess*, 317 F.3d at 1102.

Defendants next move to dismiss the securities fraud claim under 15 U.S.C. Section 78j(b) and 17 C.F.R. Section 240.10b-5(b).  These statutes prohibit the use of any manipulative or deceptive device in the purchase or sale of a registered security.  Specifically, it is unlawful

"[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5(b).

Contrary to Defendants' argument (Mem. of P.&A. at 7-8; Reply at 5), this claim is based solely on Defendants' alleged misrepresentation about the use of "risk management policies . . ., including conservative policies on margin calls and constant review and analysis of trading and portfolio risk exposure" (Compl. at 7; *see also id.* at 4, 5). Therefore, Defendants' arguments about the insufficiency of allegations regarding account access are rejected.

As to the alleged misrepresentations about the risk management policies, Defendants argue that Plaintiffs insufficiently alleged scienter. Scienter is one of the elements of a federal securities fraud claim. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (listing elements). "At the pleading stage, a complaint stating claims under section 10b and Rule 10b-5 must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the PSLRA.[2]" *Id*. As discussed above, Plaintiffs' fraud allegations meet the requirements of Rule 9(b). However, Defendants also argue that they do not meet PSLRA, which requires scienter to be plead with particularity. *See id*.

"To adequately plead scienter, the complaint must . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id*. at 991. A securities fraud claim will survive a Rule 12(b)(6) motion

> only if a reasonable person would deem the inference of scienter *cogent and at least as compelling* as any opposing inference one could draw from the facts alleged. . . . The court must determine whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter . . . .

*Id*. (internal quotation marks and citations omitted, emphasis in original). "To adequately demonstrate that the defendant acted with the required state of mind, a complaint must allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness." *Id*. (internal quotation marks and citations omitted). "Deliberate recklessness" is

---

[2] Private Securities Litigation Reform Act of 1995.

> a form of intentional or knowing misconduct. More specifically, although facts showing mere recklessness or a motive to commit fraud and opportunity to do so may provide some reasonable inference of intent, they are not sufficient to establish a strong inference of deliberate recklessness. Rather, the plaintiff must plead a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it.

*Id*. (internal quotation marks and citations omitted).

Plaintiffs alleged that

> Defendant WINEX though its controlled persons knew the conservative policies on margin calls were not put in place at the time the statements were made and had no intention to do so and intended to manipulate and deceive Plaintiffs to invest with WINEX by failing to disclose that this fact was false. This is evident because Sonador's heavy use of margin calls would not have been possible had conservative policies on margin calls been put in place and Sonador's poor trading on margin calls in July 2007 directly caused Plaintiffs' loss.

(Compl. at 7.) These allegations are insufficient to meet the stringent PSLRA pleading standard. The complaint suggests a reasonable inference that Defendants did not know that Sonador would not follow conservative risk management policies. For example, Plaintiffs allege that their loss was caused "due to an error in execution by the newly minted and inexperienced company." (*Id.* at 4.) Based on the totality of the allegations, the court cannot conclude that Plaintiffs' theory that Defendants knew Sonador would not follow conservative risk management policies is more plausible. Moreover, a trading error is not necessarily inconsistent with following conservative risk management policies. Last, the allegations are insufficient because Plaintiffs attempt to show scienter in hindsight, which is not permissible under the PSLRA. *See In re Vantive Corp. Securities Litig.*, 283 F.3d 1079, 1084-85 (9th Cir. 2002) ("The purpose of this heightened pleading requirement was generally to eliminate abusive securities litigation and particularly to put an end to the practice of pleading 'fraud by hindsight.'").

Defendants' motion to dismiss is therefore granted with respect to the federal securities fraud claim. Because the court finds that Plaintiffs failed to adequately plead scienter, it does not reach the issues whether they also failed adequately to plead loss causation or whether Defendants' representations regarding the risk management policy constituted forward-looking statements protected by PSLRA's "safe harbor" provision. *See Zucco Partners*, 552 F.3d at 987.

Defendants also move to dismiss the California securities fraud claim under California Corporations Code Section 25401.  Section 25401 prohibits misrepresentations in connection with the sale of securities.  Cal. Corp. Code § 25401; *see also Cal. Amplifier, Inc. v. RLI Ins. Co.,* 94 Cal. App. 4th 102,108-09 (2002).  Section 25501 is a corresponding section which establishes a private remedy for damages and rescission based on section 25401 liability.  Cal. Corp. Code § 25501; *see also Cal. Amplifier,* 94 Cal. App. 4th at 109.  "Section 25501 in its face requires  privity between the plaintiff and the defendant."  *Apollo Capital*, 158 Cal. App. 4th at 253.

Defendants argue that the court should look to federal securities law to construe these statutes and dismiss the claim because Plaintiffs do not adequately allege that Defendants were sellers as that term is defined under 15 U.S.C. § 77l.  (Mem. of P.&A. at 11.)  This is expressly precluded by California law.  "The California statute, while modeled on federal law, is not, on the matter of statutory seller status, 'substantially identical' to the federal law."  *Apollo Capital*, 158 Cal. App. 4th at 253.  Therefore, California courts have rejected the argument that federal law should be used in interpreting sections 25401 and 25501 for purposes of privity.  *Id*.

Under California law, a plaintiff can recover under section 25501 if there is common law fraud privity.  *Cal. Amplifier*, 94 Cal. App. 4th at 109; *see also Diamond Multimedia Sys., Inc. v. Super. Ct. (Pass)*, 19 Cal.4th 1036, 1056 (1999); *Mirkin v. Wasserman*, 5 Cal.4th 1082, 1104 (1993).  Defendants argue that Plaintiffs do not allege that Winex sold them their Winex limited liability company units. (Mem. of P.&A. at 8.)  Pursuant to the Winex private placement memorandum, however, it is apparent that the units were offered for sale by Winex.  (Geraci Decl. Ex. A.)[3]  The allegations are therefore adequate to reasonably infer privity to state a section 25401 claim against Winex.

---

[3]  On a Rule 12(b)(6) motion to dismiss, the court can take judicial notice of documents referenced in the complaint even if they are not attached thereto. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds as stated in *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  Because Plaintiffs' amended complaint relies on and extensively references the private placement memorandum, the court takes judicial notice of the excerpt attached to the declaration filed with Plaintiffs' opposition.

Defendants argue that the claim should at least be dismissed against the individual Defendants. Although sections 25401 and 25501 impose liability only on the actual seller of the security, *Apollo Capital*, 158 Cal. App. 4th at 253, 254, the Corporate Securities Law of 1968 (the "Act") also provides for joint and several liability for persons who materially assist in a violation of other sections of the Act, including section 25401, with intent to deceive or defraud, Cal. Corp. Code § 25504.1; *Apollo Capital*, 158 Cal. App. 4th at 249. "Section 25504.1 of the Act provides that any person who 'materially assists' in a violation of section 25401, 'with intent to deceive or defraud, is jointly and severally liable with any other person liable' for the violation." *Apollo Capital*, 158 Cal. App. 4th at 257. Plaintiffs' complaint sufficiently alleges that Messrs. Krusheski and Pineda materially assisted Winex in selling the limited liability company units. (*See* Compl. at 4-5.) Furthermore, as discussed above, it sufficiently alleges fraud. Accordingly, the complaint "necessarily states a claim to the same extent for liability under section 25504.1." *See Apollo Capital*, 158 Cal. App. 4th at 257.

The allegations are sufficient to state a claim against Messrs. Krusheski and Pineda, although not the section 25401 claim asserted in the complaint. To the extent Defendants seek to dismiss the California securities fraud claim against Messrs. Krusheski and Pineda, the motion is denied. The motion is granted with respect to Messrs. Sullivan and Hydeman.

Defendants next move to dismiss the breach of fiduciary duty claim. They argue that the claim sounds in fraud and therefore should, but fails to, satisfy the pleading requirements of Rule 9(b). They base the argument on a faulty premise, as the claim does not sound in fraud. The claim is based on the allegations that when Plaintiffs requested to withdraw their investment, Defendants repeatedly refused, and on one occasion demanded Plaintiffs to sign a waiver of liability before letting Plaintiffs withdraw their money. (Compl. at 9.) Accordingly, this claim need only comply with the notice pleading requirements of Rule 8(a).

Defendants also argue that Plaintiffs failed to adequately allege the fiduciary relationship and breach of fiduciary duty. Plaintiffs allege that Defendants owed them "a fiduciary duty to account for the Plaintiffs' investment in WINEX" and that they "breached their duty by not diligently and quickly returning Plaintiffs' investment." (Compl. at 9.) Plaintiffs also allege that

>   each of the defendants was the agent, servant, employer, employee, joint venturer and/or representative of each of the remaining defendants, and . . . was acting within the scope and purpose of said agency, servitude, employment, joint venture and/or representation, and was acting with the express or implied knowledge, permission, consent or ratification of the remaining defendants, and each of them.

(*Id.* at 3-4.)  These allegations are incorporated by reference into the breach of fiduciary duty claim. (*Id.* at 9.)  The complaint therefore gives rise to a reasonable inference that individual Defendants acted on behalf of Winex for purposes of this claim.

The allegations about Defendants' agency relationship in combination with the substantive allegations about the refusal to let Plaintiffs withdraw their investment are sufficient to give Defendants notice of the factual circumstances of Plaintiff's fiduciary duty claim. Defendants do not cite any legal authority in support of the proposition that these facts cannot as a matter of law give rise to a fiduciary relationship or breach of fiduciary duty. (*See* Defs' Mem. of P.&A. at 14; Reply at 9.)  The sole case cited by Defendants, *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197 (1983), does not address the issue whether a fiduciary duty exists between Defendants, a limited liability company and its agents on one hand, and company members such as Plaintiffs on the other hand.  Accordingly, to the extent Defendants seek to dismiss the breach of fiduciary duty claim, their motion is denied.

Defendants also seek to dismiss all claims asserted against Mr. Hydeman because the complaint does not contain any specific allegations about him.  Plaintiffs do not address this issue in their opposition.  Accordingly, Defendants' motion is granted in this regard.

Finally, Defendants also argue that all claims alleged against Mr. Sullivan should be dismissed because the complaint does not contain any specific allegations against him.  Because this argument was raised for the first time in the reply, Plaintiffs had no opportunity to consider the issue.  Parties should not raise new issues for the first time in their reply briefs.  *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).  Accordingly, Defendants' argument regarding claims asserted against Mr. Sullivan is rejected.

Based on the foregoing, Defendants' motion is granted with respect to the third cause of action for securities fraud under federal law, fourth cause of action for securities fraud under California law only to the extent it is asserted against Messrs. Hydeman and Sullivan, and with

respect to all causes of action asserted against Mr. Hydeman. The motion is denied in all other respects.

Plaintiffs did not request leave to amend if the motion to dismiss is granted in any part. Nevertheless, the court must consider whether a motion to dismiss should be granted with leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. at 1052. "Adherence to these principles is especially important in the context of the PSLRA [because it] requires a plaintiff to plead a complaint of securities fraud with an unprecedented degree of specificity and detail." *Id*. Because it appears that the complaint can be saved by amendment, Plaintiffs are granted leave to amend.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART.** The motion is granted with respect to the third cause of action for securities fraud under federal law, fourth cause of action for securities fraud under California law only to the extent it is asserted against Messrs. Hydeman and Sullivan, and with respect to all causes of action asserted against Mr. Hydeman. In all other respects, the motion is denied.

2. Plaintiffs are granted **LEAVE TO AMEND**. The amended complaint, if any, shall be filed and served no later than 15 days after this order is stamped filed. Any response shall be filed and served as provided in Rule 15(a)(3).

**IT IS SO ORDERED**.

DATED: March 27, 2009

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL